JUDGE STANTON

07 CIV 8159

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————— x

BRIARWOOD INVESTMENTS, INC.,
Individually and On Behalf of All Others
Similarly Situated,

                      Plaintiff,

      vs.

CARE INVESTMENT TRUST INC.,

                  Defendant.

—————————————————————— x

:   Civil Action No.
:
:   CLASS ACTION COMPLAINT
:   FOR VIOLATIONS OF
:   FEDERAL SECURITIES LAWS
:
:
:
:
:
:
:
:

SEP 1 8 2007

U.S.D.C. S.D. N.Y.
CASHIERS

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff and Plaintiff's counsel, based upon the investigation undertaken by Plaintiff's counsel (which included analysis of publicly available news articles and reports, public filings, securities analysts' reports and advisories about Care Investment Trust Inc. ("Care Investment" or the "Company"), press releases and other public statements issued by the Company, and media reports about the Company) and believes that substantial additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a Class consisting of all persons other than Defendants who purchased the common stock of Care Investment pursuant and/or traceable to the Company's initial public offering on or about June 22, 2007, (the "IPO" or the "Offering") seeking to pursue remedies under the Securities Act of 1933 (the "Securities Act").

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act [15 U.S.C. §§77k, 77l(a)(2) and 77o].

3.      This Court has jurisdiction of this action pursuant to Section 22 of the Securities Act [15 U.S.C. §77v] and 28 U.S.C. §§1331 and 1337.

4.      Venue is properly laid in this District pursuant to Section 22 of the Securities Act and 28 U.S.C. §1391(b) and (c).  The acts and conduct complained of herein occurred in substantial part in this District.

5.      In connection with the acts and conduct alleged in this Complaint, Defendant, directly or indirectly, used the means and instrumentalities of interstate commerce, including the mails and

telephonic communications and the facilities of the New York Stock Exchange ("NYSE"), a national securities exchange.

## PARTIES

6.      Plaintiff Briarwood Investments Inc. purchased Care Investment common stock, as set forth in the certification attached hereto and incorporated herein by reference, pursuant and/or traceable to the Company's IPO, and was damaged thereby.

7.      Defendant Care Investment is a newly-organized, real estate investment and finance company formed principally to invest in healthcare-related commercial mortgage debt and real estate.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

8.      Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of itself and all persons other than Defendants who purchased the common stock of Care Investment pursuant and/or traceable to the Company's IPO. Excluded from the Class is Defendant, any person, firm, trust, corporation, officer, director or other individual or entity in which Defendant has a controlling interest or which is related to or affiliated with Defendant, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

9.      The members of the Class are so numerous that joinder of all members is impracticable. Care Investment sold more than 15 million shares of common stock in the IPO. The precise number of Class members is unknown to Plaintiff at this time but is believed to be in the thousands. In addition, the names and addresses of the Class members can be ascertained from the books and records of Care Investment or its transfer agent or the underwriters to the IPO. Notice can be provided to such record owners by a combination of published notice and first-class mail, using

techniques and a form of notice similar to those customarily used in class actions arising under the federal securities laws.

10.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has retained competent counsel experienced in class action litigation under the federal securities laws to further ensure such protection and intends to prosecute this action vigorously.

11.    Plaintiff's claims are typical of the claims of the other members of the Class because Plaintiff's and all the Class members' damages arise from and were caused by the same false and misleading representations and omissions made by or chargeable to Defendants. Plaintiff does not have any interests antagonistic to, or in conflict with, the Class.

12.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

13.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a)    Whether the federal securities laws were violated by Defendant's acts as alleged herein;

- 3 -

(b)     Whether the prospectus and registration statement issued by Defendant to the investing public in connection with the IPO negligently omitted and/or misrepresented material facts about Care Investment and its business; and

(c)     The extent of injuries sustained by members of the Class and the appropriate measure of damages.

## SUBSTANTIVE ALLEGATIONS

14.     Defendant Care Investment is a newly-organized, real estate investment and finance company formed principally to invest in healthcare-related commercial mortgage debt and real estate.  Care Investment is externally managed and advised by CIT Healthcare LLC ("CIT Healthcare"), which is a wholly-owned subsidiary of CIT Group, Inc. ("CIT").  Care Investment provides financing to companies operating in the healthcare industry.

15.     On or about June 21, 2007, Care Investment filed with the SEC a Form S-11/A Registration Statement (the "Registration Statement"), for the IPO.

16.     On or about June 22, 2007, the Prospectus (the "Prospectus") with respect to the IPO, which forms part of the Registration Statement, became effective and, including the exercise of the over-allotment, more than 15 million shares of Care Investment's common stock were sold to the public at $15.00, thereby raising more than $225 million.

17.     Upon consummation of the IPO, CIT Healthcare contributed a portfolio of healthcare-related mortgage assets in exchange for $204.3 million in cash and 5,256,250 shares of Care Investment common stock.

18.     The Registration Statement and Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation.

- 4 -

19.    The Registration Statement described the Company's business in a highly positive

light and highlighted the positive attributes of the Company's relationship with CIT Health, stating

in pertinent part as follows:

> We intend to capitalize on the expertise of our external manager, CIT Healthcare
> LLC, which we refer to as our Manager, a wholly-owned subsidiary of CIT Group
> Inc., which we refer to as CIT Group. We believe that our Manager's experience and
> reputation in the healthcare finance industry, market knowledge and relationships
> with companies in the healthcare industry will benefit us by enabling our Manager to
> originate, manage and create value from attractive investment opportunities for us.
> While many of our competitors rely on financial institutions or other third party
> originators to provide them with investment opportunities, we believe that one of our
> business strengths will be our access to investment opportunities originated directly
> by our Manager. Our Manager also has business relationships with many financial
> institutions and may originate investment opportunities for us through these firms as
> well.

20.    The Registration Statement described the Company's "Contributed Portfolio" in

positive terms, stating in pertinent part as follows:

> Upon consummation of this offering, our Manager will transfer to CIT Holding,
> which will then immediately contribute to us, a portfolio of real estate mortgage
> assets secured by several different types of healthcare facilities with diverse
> operations and tenants in a variety of geographic locations. We believe the diversity
> in this portfolio will be a strength to our business, in particular in the event of a
> downturn or unforeseen event, including regulatory changes, in any particular
> business or geographic sector.

21.    The Registration Statement described the Company's "Warehouse Facilities," stating

in pertinent part as follows:

> We will use short-term financing, in the form of warehouse facilities. Warehouse
> lines are typically collateralized loans made to borrowers who invest in securities and
> loans and, in turn, pledge the resulting securities and loans to the warehouse lender.
> We are currently negotiating a warehouse facility with Column Financial Inc., an
> affiliate of Credit Suisse Securities, LLC, an affiliate of one of our underwriters,
> which we expect to be in place shortly after consummation of this offering. We are
> also currently negotiating a warehouse facility with UBS Real Estate Securities Inc.,
> an affiliate of one of our underwriters, which we expect to be in place soon after
> consummation of this offering. There is no assurance, however, that we will be able
> to close these facilities on terms favorable to us, if at all.

22.     The statements referenced above in ¶¶19-21 were inaccurate statements of material fact because they failed to disclose that certain of the assets in the Contributed Portfolio were materially impaired and therefore overvalued and that the Company was experiencing increasing difficulty in securing its warehouse financing lines.

23.     Under applicable SEC rules and regulations governing the preparation of the Registration Statement and Prospectus, the Prospectus was required to disclose that that certain of the assets in the Contributed Portfolio were materially impaired and that the Company was experiencing increasing difficulty in securing its warehouse financing lines.   The Registration Statement failed to contain any such disclosures.

24.     At the time of the filing of this Complaint, Care Investment stock trades for $11.15 per share, well below the IPO price of $15.00 per share.

### COUNT

### Violations of Section 11 of the Securities Act
### Against All Defendants

25.     Plaintiff repeats and realleges each and every allegation contained above.

26.     This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77k, on behalf of the Class.

27.     The Registration Statement for the IPO was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and omitted to state material facts required to be stated therein.

28.     Care Investment is the registrant for the IPO.   As issuer of the shares, Care Investment is strictly liable to Plaintiff and the Class for the misstatements and omissions.

29.     By reasons of the conduct herein alleged, Defendant violated Section 11 of the Securities Act.

30.     Plaintiff acquired Care Investment shares pursuant and/or traceable to the Registration Statement.

31.     Plaintiff and the Class have sustained damages.  The value of Care Investment common stock has declined substantially subsequent to and due to Defendant's violations.

32.     At the times it purchased Care Investment shares, Plaintiff and other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein.  Less than one year has elapsed since the time that Plaintiff discovered, or reasonably could have discovered, the facts upon which this Complaint is based and the time that Plaintiff filed this Complaint.  Less than three years have elapsed since the time that the securities upon which this Count is brought were offered to the public and the time that Plaintiff filed this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the Class, prays for judgment as follows:

A.     declaring this action to be a class action properly maintained pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure;

B.     awarding Plaintiff and other members of the Class damages together with interest thereon;

C.     awarding Plaintiff and other members of the Class their costs and expenses of this litigation, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs and disbursements; and

D.     awarding Plaintiff and other members of the Class such other and further relief as may be just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.

DATED: September 18, 2007

COUGHLIN STOIA GELLER RUDMAN &
    ROBBINS LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD


                     SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone:  631/367-7100
631/367-1173 (fax)

ABRAHAM FRUCHTER & TWERSKY LLP
JACK FRUCHTER
One Pennsylvania Plaza, Suite 1910
New York, NY  10119
Telephone:  212/279-5050
212/279-3655 (fax)

Attorneys for Plaintiff

- 8 -

## CERTIFICATION OF BRIARWOOD INVESTMENTS, INC. IN SUPPORT OF CLASS ACTION COMPLAINT

Briarwood Investments, Inc. ("plaintiff") declares, as to the claims asserted under the federal securities laws, that:

1. Plaintiff has reviewed the complaint prepared by counsel in the above-captioned case and has authorized its filing.

2. Plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under the federal securities laws.

3. Plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

4. During the proposed Class Period, plaintiff executed the following transactions in the stock of Care Investment Trust Inc. See Attachment A:

5. In the past three years, plaintiff has not served, nor sought to serve, as a representative party on behalf of a class in an action filed under the federal securities laws.

6. Plaintiff will not accept payment for serving as a representative party on behalf of a class beyond plaintiff's pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class as ordered or approved by the Court.

I declare under penalty of perjury that the foregoing is true and correct. Executed this *ELEVENTH*
day of September, 2007.

BRIARWOOD INVESTMENTS, INC.

ATTACHMENT A

| Date | Action | Amount | Price |
|------|--------|--------|-------|
| June 22, 2007 | Buy | 1,700 shares | $15.00 |
| June 28, 2007 | Sell | 1,700 shares | $13.75 |