UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
BRIARWOOD INVESTMENTS, INC.,                : Civil Action No. 1:07-cv-08159-LLS
Individually and On Behalf of All Others    :
Similarly Situated,                         : CLASS ACTION
                                            :
                    Plaintiff,              : MEMORANDUM IN SUPPORT OF THE
                                            : MOTION OF ALASKA HOTEL &
       vs.                                  : RESTAURANT EMPLOYEES PENSION
                                            : TRUST FUND FOR APPOINTMENT AS
CARE INVESTMENT TRUST INC.,                 : LEAD PLAINTIFF AND FOR APPROVAL
                                            : OF SELECTION OF LEAD COUNSEL
                    Defendant.              :
                                            :
---------------------------------------------------------x

**I.     PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all persons, other than Defendants, who purchased the common stock of Care Investment Trust Inc. ("Care Investment" or the "Company") pursuant and/or traceable to the Company's initial public offering on or about June 22, 2007 (the "IPO" or the "Offering"). The Action alleges violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k, 77l(a)(2) and 77o), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA").

Institutional Investor Alaska Hotel & Restaurant Employees Pension Trust Fund ("Alaska Hotel & Restaurant Fund") hereby moves this Court for an Order to: (i) appoint Alaska Hotel & Restaurant Fund as Lead Plaintiff in the Action under Section 27 of the Securities Act; and (ii) approve Alaska Hotel & Restaurant Fund's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel.

This motion is made on the grounds that Alaska Hotel & Restaurant Fund is the most adequate plaintiff, as defined by the PSLRA. Alaska Hotel & Restaurant Fund is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.,* No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 15, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as an institutional investor, Alaska Hotel & Restaurant Fund is accustomed to acting as a fiduciary and its experience in legal and financial matters will substantially benefit the Class.

During the Class Period, Alaska Hotel & Restaurant Fund incurred a substantial $19,673.90 loss on its transactions in Care Investment shares. *See* Alba Decl., Ex. B.[1]  To the best of its knowledge, this is the greatest loss sustained by any moving Class member or Class member group who has brought suit or filed an application to serve as Lead Plaintiff in this Action.  In addition, Alaska Hotel & Restaurant Fund, for the purposes of this Motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative Class and that it will fairly and adequately represent the interests of the Class.

## II.     FACTUAL BACKGROUND[2]

Care Investment is a real estate investment and finance company formed principally to invest in healthcare-related commercial mortgage debt and real estate.

The complaint charges Care Investment and certain of its officers and directors with violations of the Securities Act. According to the complaint, on or about June 22, 2007, the Prospectus with respect to the IPO, which forms part of the Registration Statement, became effective and more than 15 million shares of Care Investment's common stock were sold to the public at $15.00 per share, thereby raising more than $225 million. The complaint alleges that the Prospectus contained inaccurate statements of material fact because it failed to disclose that certain of the assets in the portfolio of healthcare-related mortgage assets ("Contributed Portfolio"), which was created upon the consummation of the IPO, were materially impaired and therefore overvalued and that the Company was experiencing increasing difficulty in securing its warehouse financing lines.  Under

---

[1] References to the "Alba Decl., Ex. ___" are to the exhibits attached to the accompanying Declaration of Mario Alba Jr., dated November 19, 2007, and submitted herewith.

[2] These facts are drawn from the allegations in the complaint entitled *Briarwood Investments, Inc. vs. Care Investment Trust Inc.,* Civil Action No. 1:07-cv-08159-LLS (the "*Briarwood Investments* Action").

applicable Securities and Exchange Commission rules and regulations governing the preparation of the Registration Statement and Prospectus, the Prospectus was required to disclose that certain of the assets in the Contributed Portfolio were materially impaired and that the Company was experiencing increasing difficulty in securing its warehouse financing lines.

At the time of the filing of the Action, Care Investment stock traded for $11.15 per share, well below the IPO price of $15.00 per share.

### III. ARGUMENT

#### A. Alaska Hotel & Restaurant Fund Should Be Appointed Lead Plaintiff

##### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1 and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §77z-1(a)(3)(A)(i). Plaintiff in the *Briarwood Investments* Action caused the first notice regarding the pendency of this Action to be published on *Business Wire*, a national, business-oriented newswire service, on September 18, 2007. *See* Alba Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§77z-1(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the

interests of class members. *See* 15 U.S.C. §77z-1(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §77z-1(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Alaska Hotel & Restaurant Fund Satisfies the "Lead Plaintiff" Requirements of the Securities Act

#### a. Alaska Hotel & Restaurant Fund Has Complied with the Securities Act and Should Be Appointed Lead Plaintiff

The time period in which Class members may move to be appointed Lead Plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on November 19, 2007. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on September 18, 2007, Alaska Hotel & Restaurant Fund timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the Class.

Alaska Hotel & Restaurant Fund has duly signed and filed a certification stating that it is willing to serve as a representative party on behalf of the Class. *See* Alba Decl., Ex. C. In addition, Alaska Hotel & Restaurant Fund has selected and retained competent counsel to represent itself and the Class. *See* Alba Decl., Ex. D. Accordingly, Alaska Hotel & Restaurant Fund has satisfied the individual requirements of 15 U.S.C. §77z-1(a)(3)(B) and is entitled to have its application for

appointment as Lead Plaintiff and approval of selection of Lead Counsel, as set forth herein, considered and approved by the Court.

### b. Alaska Hotel & Restaurant Fund Is Precisely the Type of Lead Plaintiff Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Alaska Hotel & Restaurant Fund, as an institutional investor, is precisely the type of lead plaintiff Congress envisioned when it passed the PSLRA. *See id*.

### c. Alaska Hotel & Restaurant Fund Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Alba Decl., Ex. C, Alaska Hotel & Restaurant Fund incurred a substantial $19,673.90 loss on its transactions in Care Investment shares. *See* Alba Decl., Ex. B. Alaska Hotel & Restaurant Fund thus has a significant financial interest in this case. Therefore, Alaska Hotel & Restaurant Fund satisfies all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §77z-1(a)(3)(B).

### d.  Alaska Hotel & Restaurant Fund Otherwise Satisfies Rule 23

According to 15 U.S.C. §77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 6, 1997). Alaska Hotel & Restaurant Fund satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are

typical. *See Sofran v. Labranche & Co.,* 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari,* 2004 U.S. Dist. LEXIS 13898, at *18.

Alaska Hotel & Restaurant Fund satisfies this requirement because, just like all other Class members, it: (1) purchased Care Investment shares during the Class Period; (2) was adversely affected by defendants' false and misleading Prospectus; and (3) suffered damages as a result thereof. Thus, Alaska Hotel & Restaurant Fund's claims are typical of those of other Class members since its claims and the claims of other Class members arise out of the same course of events. Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Alaska Hotel & Restaurant Fund to represent the Class to the existence of any conflicts between the interest of Alaska Hotel & Restaurant Fund and the members of the Class. The Court must evaluate adequacy of representation by considering: (i) whether the Class representatives' claims conflict with those of the Class; and (ii) whether Class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, No. 02 MD 1472 (GEL), 2004 U.S. Dist. LEXIS 23946, at *53 (S.D.N.Y. Nov. 23, 2004).

Here, Alaska Hotel & Restaurant Fund is an adequate representative of the Class. As evidenced by the injuries suffered by Alaska Hotel & Restaurant Fund and the Class, the interests of Alaska Hotel & Restaurant Fund are clearly aligned with the members of the Class, and there is no evidence of any antagonism between Alaska Hotel & Restaurant Fund's interests and those of the

other members of the Class.  Further, Alaska Hotel & Restaurant Fund has taken significant steps which demonstrate it will protect the interests of the Class: it has retained competent and experienced counsel to prosecute these claims.  In addition, as shown below, Alaska Hotel & Restaurant Fund's proposed Lead Counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, Alaska Hotel & Restaurant Fund *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B.     The Court Should Approve Alaska Hotel & Restaurant Fund's Choice of Counsel

Pursuant to 15 U.S.C. §77z-1(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  In that regard, Alaska Hotel & Restaurant Fund has selected the law firm of Coughlin Stoia as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Secs. Litig.*, No. H-01-3624, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action.  *See* Alba Decl., Ex. D. Specifically, the court in *Enron* stated:

> "The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit."

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006).

Accordingly, the Court should approve Alaska Hotel & Restaurant Fund's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, Alaska Hotel & Restaurant Fund respectfully requests that the Court: (i) appoint Alaska Hotel & Restaurant Fund as Lead Plaintiff in the Action; (ii) approve its selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED:  November 19, 2007         COUGHLIN STOIA GELLER
                                     RUDMAN & ROBBINS LLP


                                   */s/ Mario Alba Jr.*
                                   MARIO ALBA JR.

                                  SAMUEL H. RUDMAN
                                  DAVID A. ROSENFELD
                                  MARIO ALBA JR.
                                  58 South Service Road, Suite 200
                                  Melville, NY  11747
                                  Telephone:  631/367-7100
                                  631/367-1173 (fax)

                                  [Proposed] Lead Counsel for Plaintiff

I:\Care Investment\LP Motion\LP Memo.doc

## CERTIFICATE OF SERVICE

I, Mario Alba Jr., hereby certify that on November 19, 2007, I caused a true and correct copy of the attached:

> Notice of Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel;
>
> Memorandum in Support of the Motion of Alaska Hotel & Restaurant Employees Pension Trust Fund for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel; and
>
> Declaration of Mario Alba Jr. in Support of the Motion of Alaska Hotel & Restaurant Employees Pension Trust Fund for Appointment as Lead Plaintiff and for Approval of Selection of Lead Counsel,

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel.

*/s/ Mario Alba Jr.*
Mario Alba Jr.

CARE INVESTMENT

Service List - 11/16/2007   (07-0193)

Page 1 of 1

**Counsel For Defendant(s)**

Andrew D. Kaizer
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY  10022
   212/230-8807
   212/230-8888 (Fax)

**Counsel For Plaintiff(s)**

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
   212/279-5050
   212/279-3655 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario  Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)