# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- x
BRIARWOOD INVESTMENTS, INC.,              :
Individually, and On Behalf of All Others :
Similarly Situated,                       :      Electronically Filed
                                          :
                     Plaintiff,           :      Civil Action No.: 1:07-cv-08159-LLS
                                          :      (ECF Case)
            v.                            :
                                          :      Hon. Louis L. Stanton
CARE INVESTMENT TRUST, INC.,              :
                                          :
                     Defendant.           :
                                          :
------------------------------------------------------- x
```

## MEMORANDUM OF LAW IN SUPPORT OF THE
## MOTION OF THE MASSACHUSETTS PUBLIC PENSION FUNDS FOR
## APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD
## COUNSEL

# <u>TABLE OF CONTENTS</u>

I.    THE MASSACHUSETTS PUBLIC PENSION FUNDS SHOULD BE
      APPOINTED LEAD PLAINTIFF.........................................................................4

      A.    The Procedural Requirements Pursuant to the PSLRA ...........................4

      B.    The Massachusetts Public Pension Funds are the "Most Adequate Plaintiff"........5

            1.    The Massachusetts Public Pension Funds  Have Made a Motion for
                  Appointment as Lead Plaintiff ...................................................5

            2.    The Massachusetts Public Pension Funds Have the Largest
                  Financial Interest........................................................................6

            3.    The Massachusetts Public Pension Funds Otherwise Satisfy Rule
                  23..................................................................................................7

            4.    The Massachusetts Public Pension Funds are the  Prototypical
                  Lead Plaintiff Envisioned by the PSLRA ...................................9

II.   THE COURT SHOULD APPROVE THE MASSACHUSETTS PUBLIC
      PENSION FUNDS' CHOICE OF COUNSEL.................................................10

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Aronson v. McKesson HBOC, Inc.*,
   79 F. Supp. 2d 1146 (N.D. Cal. 1999) ...................................................................6

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)...............................................................................9

*Constance Sczesny Trust v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ....................................................................2,7,8

*Glauser v. EVCI Career Colleges Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) .....................................................................5,8

*Montoya v. Mamma.com Inc.*,
   No. 05 Civ. 2313 (HB), 2005 WL 1278097 (S.D.N.Y 2005) ...............................2,6

*In re Olsten Corp. Sec. Litig.*,
   3 F. Supp. 2d 286 (E.D.N.Y. 1998) ....................................................................2

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) .........................................................................7

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co., Inc.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................9

*In re Waste Mgmt., Inc. Sec. Litig.*,
   128 F. Supp. 2d 401 (S.D. Tex. 2000) ................................................................10

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
   No. 05-cv-04617 (RJH), 2006 U.S. Dist. LEXIS 3028 (S.D.N.Y. 2005)……….............9,10

### FEDERAL STATUTES

15 U.S.C. § 77z-1(a)(3)...................................................................................1,4

15 U.S.C. § 77z-1(a)(3)(A) ................................................................................5

15 U.S.C. § 77z-1(a)(3)(A)(i) .............................................................................4

15 U.S.C. § 77z-1(a)(3)(B) ...............................................................................5,7

15 U.S.C. § 77z-1(a)(3)(B)(i) ...........................................................................1, 5

15 U.S.C. § 77z-1(a)(3)(B)(iii) ...........................................................................5

15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) ...................................................................................2

15 U.S.C. § 77z-1(a)(3)(B)(v)........................................................................................10

Fed. R. Civ. P. 23 ................................................................................................2,3,5,7,8,9

Fed. R. Civ. P. 42 .........................................................................................................1

H. R. Rep. No. 104 369, 104th Cong. 1st Sess. at 34 (1995)........................................2,9

The Boston Retirement Board ("Boston") and Norfolk County Retirement System ("Norfolk") (collectively, the "Massachusetts Public Pension Funds"), respectfully submit this Memorandum of Law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an order: (i) appointing the Massachusetts Public Pension Funds as lead plaintiff of a class of purchasers of the securities of Care Investment Trust, Inc. ("Care Investment" or the "Company"); and (ii) approving the Massachusetts Public Pension Funds' selection of Labaton Sucharow LLP ("Labaton Sucharow") as lead counsel for the Class.

## PRELIMINARY STATEMENT

This case involves allegations against Care Investment, a real estate investment and finance company formed principally to invest in healthcare-related commercial mortgage debt and real estate, for violations of the federal securities laws stemming from the Company's negligent omissions and/or material misrepresentations about itself and its business in the prospectus and registration statement which it issued. This action is brought on behalf of all persons and entities who purchased the common stock of Care Investment pursuant and/or traceable to the Company's initial public offering on or about June 22, 2007 (the "IPO" or the "Offering") seeking to pursue remedies under the Securities Act.

On September 18, 2007, a complaint was filed in this action in the U.S. District Court for the Southern District of New York, asserting claims under the Securities Act.

Pursuant to the PSLRA, this Court should appoint the "most adequate plaintiff" to serve as Lead Plaintiff in the action. 15 U.S.C. § 77z-1(a)(3)(B)(i). In that regard, the Court should determine, among other things, which movant has the "largest financial interest" in the relief

sought by the Class in this litigation and has made a *prima facie* showing that it is an adequate

class representative under Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 77z-

1(a)(3)(B)(iii)(I).

A broad body of case law in the Second Circuit establishes that four key factors should

guide the Court's determination of the "largest financial interest": (1) the number of shares of the

subject securities purchased; (2) the net number of securities purchased (offsetting the total

number purchased by the total number sold); (3) the net funds expended by the movant to

acquire those securities; and (4) the approximate losses suffered by the movant.  *See, e.g.,*

*Montoya v. Mamma.com Inc.*, No. 05 Civ. 2313(HB), 2005 WL 1278097, at *1 (S.D.N.Y. May

31, 2005); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004); *In re*

*Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998).[1]

The Massachusetts Public Pension Funds purchased 53,840 shares of Care Investment

common stock and sold none during the Class Period (making net purchases of 53,840 shares),

expending $693,441 in net funds to acquire those securities, and suffering losses of $74,281 on

either a last-in, first-out ("LIFO") basis or a first-in, first-out ("FIFO") basis.

As demonstrated below, Boston and Norfolk are the "most adequate plaintiff" in this

case.  The Boston Retirement Board is an institutional investor that provides retirement benefits

for the employees of the City of Boston, Massachusetts.[2]  It has more than 34,000 active and

retired members, representing 106 mandatory retirement systems, and more than $3.1 billion in

---

[1]   *In re Olsten Corp.* is one of the earliest, and most cited, cases setting forth these four factors, which are commonly referred to as "*Olsten* factors."

[2] The PSLRA was intended "to increase the likelihood that institutional investors will serve as lead plaintiffs" because, among other reasons, institutional investors and other class members with large amounts at stake "will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."  H. R. Rep. No. 104 369, 104th Cong. 1st Sess. at 34 (1995).

assets.  The Norfolk County Retirement System, organized under the laws of Massachusetts in

1937, has over 9,500 active and retired members from forty governmental units throughout

Norfolk County, with more than $480 million in assets under management.

To the best of their knowledge, the Massachusetts Public Pension Funds' losses represent

the largest known financial interest of any Class member seeking to be appointed as lead

plaintiff.  The Massachusetts Public Pension Funds are not aware of any other class member that

has filed an action or filed an application for appointment as lead plaintiff that has sustained

greater financial losses.  In addition, the Massachusetts Public Pension Funds satisfy each of the

requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Rule 23")

and, therefore, are qualified for appointment as lead plaintiff in the Action.  Thus, as

demonstrated herein, the Massachusetts Public Pension Funds are the presumptive "most

adequate plaintiff" and should be appointed Lead Plaintiff.

## **STATEMENT OF FACTS**

Care Investment is a newly-organized real estate investment and finance company

formed principally to invest in healthcare-related commercial mortgage debt and real estate.

Care Investment is externally managed and advised by CIT Healthcare LLC ("CIT Healthcare"),

a wholly-owned subsidiary of CIT Group, Inc. ("CIT").  Care Investment provided financing to

companies operating in the healthcare industry.

On or about June 21, 2007, Care Investment filed with the SEC a Form S-11/A

Registration Statement (the "Registration Statement"), for the IPO.  On or about June 22, 2007,

the prospectus with respect to the IPO (the "Prospectus"), which forms part of the Registration

Statement, became effective and, including the exercise of the over-allotment, more than 15

million shares of Care Investment's common stock were sold to the public at $15.00, thereby

raising more than $225 million.  Upon consummation of the IPO, CIT Healthcare contributed a portfolio of healthcare-related mortgage assets in exchange for $204.3 million in cash and 5,256,250 shares of Care Investment common stock.

The Registration Statement and Prospectus contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading and was not prepared in accordance with the rules and regulations governing its preparation.  The Registration Statement made inaccurate statements of material fact regarding the Company's business, Contributed Portfolio, and Warehouse Facilities because they failed to disclose that certain of the assets in the Contributed Portfolio were materially impaired and therefore overvalued and that the Company was experiencing increasing difficulty in securing its warehouse financing lines.  At the time the action was filed, Care Investment's stock was trading at $11.15 per share, well below the IPO price of $15.00 per share.

## ARGUMENT

### I.    THE MASSACHUSETTS PUBLIC PENSION FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.    The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure.  *See* 15 U.S.C. § 77z-1(a)(3).  First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A)(i).  The plaintiff which filed the complaint in this action published a notice on *Business Wire* on September 18, 2007.  See Ellman Decl. Ex. C.  This notice indicated that applications for appointment as lead plaintiff were to be made no later than November 19, 2007.  Within 60 days after publication of the required notice,

any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action.  15 U.S.C. § 77z-1(a)(3)(A) and (B).

Next, according to the PSLRA, the Court shall appoint as lead plaintiff the movant that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency.  15 U.S.C. § 77z-1(a)(3)(B)(i).  In determining who is the "most adequate plaintiff," the Securities Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> > (aa)  has either filed the complaint or made a motion in response to a notice . . .
> >
> > (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 77z-1(a)(3)(B)(iii); *Glauser v. EVCI Career Colleges Holding Corp.*, 236 F.R.D. 184, 187 (S.D.N.Y. 2006).

### B.    The Massachusetts Public Pension Funds are the "Most Adequate Plaintiff"

#### 1.    The Massachusetts Public Pension Funds Have Made a Motion for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Massachusetts Public Pension Funds timely move this Court to be appointed lead plaintiff on behalf of all plaintiffs and class members covered by the action and any other actions deemed related by this Court.

2.     **The Massachusetts Public Pension Funds**
**Have the Largest Financial Interest**

As noted above, the analysis central to appointing lead plaintiff focuses on a four-part

test: (1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net

funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered

by the plaintiffs. *See Montoya v. Mamma.com Inc.*, 2005 WL 1278097, at \*1. "These factors are

useful, because they look to relatively objective indicators, such as number of shares purchased

or sold, rather than to the ultimate question of damages." *Aronson v. McKesson HBOC, Inc.*, 79

F. Supp. 2d 1146, 1158 (N.D. Cal. 1999)

Based upon these factors, the Massachusetts Public Pension Funds believe they have the

largest financial interest in this litigation.

**Net Shares Purchased**:  Net shares purchased equals the number of shares purchased less the

number of shares sold during the class period.  The Massachusetts Public Pension Funds are net

purchasers of Care Investment shares because they bought 53,840 shares during the Class Period

and sold none.  See Certification and Loss Analysis, Ellman Decl. Ex. A and B.

**Net Funds Expended**:  The net funds expended on the subject securities during the class period

equals the difference between the total funds spent to purchase those securities and the funds

received from sales of those securities.  The Massachusetts Public Pension Funds expended

$693,441 in net funds to purchase Care Investment stock during the Class Period.  *See*

Certification and Loss Analysis, Ellman Decl. Ex. A and B.

**Approximate Losses:**  In determining a movant's approximate losses, courts have employed

either the LIFO or FIFO method.  The Massachusetts Public Pension Funds suffered total losses

of $74,280.92 when calculated using either method.  See Certification and Loss Analysis, Ellman

Decl. Ex. A and B.

6

In sum, pursuant to 15 U.S.C. § 77z-1(a)(3)(B), the Massachusetts Public Pension Funds are believed to have the largest financial interest and should be appointed Lead Plaintiff in this action.

### 3.     The Massachusetts Public Pension Funds Otherwise Satisfy Rule 23

According to 15 U.S.C. § 77z-1(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (holding that typicality and adequacy are the only relevant prerequisites to lead plaintiff selection under the PSLRA); *see also Sczensy Trust v. DiCamillo*, 223 F.R.D. 319, 323-24 (S.D.N.Y. 2004) (same).  As detailed below, the Massachusetts Public Pension Funds satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

(a)    **The Massachusetts Public Pension Funds
       <u>Fulfills the Typicality Requirement</u>**

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class.  Typicality exists "where the claims of the Lead Plaintiff arise from the same course of conduct that gives rise to the claims of the other class members, where these claims are based on the same legal theory, and where the class members and Lead Plaintiff were injured by the same conduct."  *Glauser*, 236 F.R.D at 188-89.  However, the claims of the lead plaintiff need not be identical to the claims of the class to satisfy typicality.  *See Sczensy Trust*, 223 F.R.D. at 325.

The Massachusetts Public Pension Funds seeks to represent a class of purchasers of Care Investment securities which have identical, non-competing and non-conflicting interests.  The Massachusetts Public Pension Funds satisfy the typicality requirement because they: (1) purchased or acquired Care Investment securities during the Class Period; (2) at prices allegedly artificially inflated by the Company's materially false and misleading statements and/or omissions; and (3) suffered damages when the truth was disclosed to the market.  *See Glauser*, 236 F.R.D. at 189 (discussing typicality requirement).  Thus, the Massachusetts Public Pension Funds' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

(b)    **The Massachusetts Public Pension Funds
       <u>Fulfill the Adequacy Requirement</u>**

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class."  In order to meet the adequacy requirement, "(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed litigation."  *Pirelli Armstrong Tire Corp. Retiree Medical Benefits*

*Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 413 (S.D.N.Y. May 27, 2004) (Sweet, J.).  The

Massachusetts Public Pension Funds' interests in this action are perfectly aligned with the

interests of absent class members, and Labaton Sucharow, their selected lead counsel, has

decades of experience in effectively prosecuting securities class actions.  Accordingly, the Court

can be assured that the Massachusetts Public Pension Funds and their selected counsel will more

than adequately protect the interests of absent class members.

    4.  **The Massachusetts Public Pension Funds are the
<u>Prototypical Lead Plaintiff Envisioned by the PSLRA</u>**

    In addition to satisfying the preliminary requirements of Rule 23, the Massachusetts

Public Pension Funds are precisely the type of large, sophisticated institutional investors – the

prototypical Lead Plaintiff – envisioned by the framers of the PSLRA.  As noted by Congress in

the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional

investors will serve as lead plaintiff," in part, because "[i]nstitutional investors and other class

members with large amounts at stake will represent the interests of the plaintiff class more

effectively than class members with small amounts at stake."  H.R. REP. NO. 104-369, at 34

(1995) (Conf. Rep.).  Indeed, the Massachusetts Public Pension Funds are sophisticated

institutional investors with vast resources to adequately litigate this action and supervise class

counsel.  *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the

legislative intent behind enacting the PSLRA was to encourage large institutional investors to

serve as lead plaintiff); *see also Weiss  v. Friedman, Billings, Ramsey Group, Inc.,* 2006 U.S.

Dist. LEXIS 3028, at *3-4 (S.D.N.Y Jan. 26, 2005) (same).  The Massachusetts Public Pension

Funds have submitted their sworn certifications demonstrating their desire to serve as Lead

Plaintiff in this action and their understanding of the attendant duties of serving as such.  *See*

Ellman Decl. Ex. A.  Thus, as demonstrated above, the Massachusetts Public Pension Funds are the prototypical lead plaintiff under the PSLRA.

## II.    THE COURT SHOULD APPROVE THE MASSACHUSETTS PUBLIC PENSION FUNDS' CHOICE OF COUNSEL

Pursuant to 15 U.S.C § 77z-1(a)(3)(B)(v), the lead plaintiff shall, subject to Court approval, select and retain counsel to represent the Class.  *See Weiss*, 2006 U.S. Dist. LEXIS 3028, at *20.  Labaton Sucharow LLP has had a leading role in numerous important actions on behalf of defrauded investors.  Labaton Sucharow served as lead counsel in the Waste Management securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time.  *See* Labaton Sucharow Firm Resume, Ellman Decl. Ex. D; *see also In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions").  Also, Labaton Sucharow is currently serving as lead or co-lead counsel in the securities fraud cases against American International Group Inc., HealthSouth Corp., St. Paul Travelers Corp., and others.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

Because there is nothing to suggest that the Massachusetts Public Pension Funds or their counsel will not fairly and adequately represent the Class, or that the Massachusetts Public Pension Funds are subject to unique defenses –  which is the only evidence that can rebut the presumption of adequacy under the Exchange Act –  this Court should appoint the Massachusetts Public Pension Funds as lead plaintiff and approve their selection of Labaton Sucharow LLP to serve as Lead Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Massachusetts Public Pension Funds respectfully request that the Court: (A) appoint the Massachusetts Public Pension Funds as Lead Plaintiff; and (B) approve Labaton Sucharow LLP as Lead Counsel for the Class.

Dated: November 19, 2007                    Respectfully submitted,

**LABATON SUCHAROW LLP**

By:    */s/ Christopher J. Keller*
Christopher J. Keller (CK-2347)
Andrei V. Rado (AR-3724)
Alan I. Ellman (AE-7347)
140 Broadway
New York, New York 10005
Telephone:     (212) 907-0700
Facsimile:     (212) 818-0477

*Attorneys for the Massachusetts Public Pension Funds and Proposed Lead Counsel for the Class*