UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
: 
BRIARWOOD INVESTMENTS, INC., : Electronically Filed
Individually, and On Behalf of All Others :
Similarly Situated, : Civil Action No.: 1:07-cv-08159-LLS
: (ECF Case)
Plaintiff, :
: Hon. Louis L. Stanton
v. :
:
CARE INVESTMENT TRUST, INC., :
:
Defendant. :
:
---------------------------------------------------------- x

## AFFIDAVIT OF ROBERT E. TIERNEY

COMMONWEALTH OF MASSACHUSETTS )

) ss:

COUNTY OF SUFFOLK )

ROBERT E. TIERNEY, being duly sworn, deposes and states, under pains and penalties of perjury, as follows:

1. I am the Executive Officer of the Boston Retirement Board, which manages the State-Boston Retirement System ("Boston"). I am in all respects competent to submit this affidavit. I have personal knowledge of the facts stated herein, and testify that they are true and correct. I submit this affidavit to "fully and candidly" answer the Court's questions regarding Boston's involvement in this action.

2. Boston moved in this action jointly with Norfolk County Retirement System ("Norfolk"), with whom Boston has a long standing relationship.

3. Boston and Norfolk sought the appointment of the Labaton Sucharow LLP firm as Lead Counsel. Three years ago, Boston retained Labaton Sucharow as counsel in matters involving violations of the securities laws. I authorized Boston's involvement in this case as lead plaintiff with Norfolk and the retention of Labaton Sucharow as lead counsel.

4. After the lead plaintiff motion was filed, I was aware that Boston and Norfolk together had the largest financial interest and that Boston had the largest financial interest in the litigation of any individual movant.

5. I was also aware that a competing institutional movant, Alaska Hotel & Restaurant Employees Pension Trust Fund ("Alaska"), was eager to participate in the litigation as lead plaintiff. Labaton Sucharow recommended that the lead plaintiff application be changed to seek the appointment of Norfolk and Alaska as lead plaintiff and the appointment of Labaton Sucharow and Coughlin Stoia Geller Rudman & Robbins LLP (Alaska's counsel) as lead counsel. Under this approach, Boston would no longer be seeking appointment as lead plaintiff. For the reasons discussed below, I determined that this suggestion was in Boston's best interests.

6. First, I am aware of the PSLRA's "five-in-three" rule, which presumptively prohibits the appointment of the same entity as lead plaintiff in more than 5 securities class action in 3 years. As identified in Boston's certification, submitted with its moving papers, as of the filing of the motion in the Care Investment action, Boston was serving as lead plaintiff in two actions and had a motion pending in another, all within three years preceding its motion in the Care Investment action.

7. In addition, Boston sustained significant losses in other recently-filed actions, which came to my attention after the filing of the motion in this litigation, that were much larger than its losses in this case. Specifically, Boston has a financial interest of $1.8 million in a case against BankAltantic Bancorp Inc., pending in the Southern District of Florida, and a financial interest of just over $1 million in a case against LM Ericsson Telephone Co., pending in this District. Boston moved for appointment as lead plaintiff in the BankAtlantic case on December 26, 2007, and in Ericsson on December 31, 2007. As an institutional investor intent on recovering investment losses caused by violations of the securities laws, the PSLRA's "five-in-three" bar was, and is, a concern to Boston.

8. Second, because of my familiarity with Norfolk, I know that it will do an excellent job of protecting the interests of absent class members, including Boston.

9. Labaton Sucharow has assured me that Alaska and its counsel can similarly be trusted to effectively prosecute this litigation, and that the two firms have worked effectively in other cases as lead counsel.

10. Accordingly, I believed that Boston's interests and the interests of other class members would be well protected without Boston's participation as lead plaintiff, a determination that could not have been made prior to the filing of the lead plaintiff motions. The decision to authorize the relief sought in the stipulation protects Boston's interests in this matter while preserving its ability to guard its interests in other situations where it may lose money due to violations of the federal securities laws.

11. I authorized the filing of the stipulation that sought to appoint Norfolk and the Alaska fund as lead plaintiff, submitted to the Court on December 10, 2007, the new stipulation

- 4 -

that is being submitted now, and the Notice of Withdrawal, filed concurrently with this affidavit.

_____
ROBERT E. TIERNEY

Sworn to before me this
4th day of January, 2008

_____
Notary Public

My Commission Expires: _____

DANIEL J GREENE
Notary Public
My Commission Expires June 21, 2013