UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x
BRIARWOOD INVESTMENTS, INC., : Civil Action No. 1:07-cv-08159-LLS
Individually and On Behalf of All Others :
Similarly Situated, : CLASS ACTION
:
                    Plaintiff, : SUPPLEMENTAL MEMORANDUM OF
: LAW IN FURTHER SUPPORT OF THE
      vs. : MOTION OF ALASKA HOTEL &
: RESTAURANT EMPLOYEES PENSION
CARE INVESTMENT TRUST INC., : TRUST FUND AND NORFOLK COUNTY
: RETIREMENT SYSTEM FOR
                    Defendant. : APPOINTMENT AS LEAD PLAINTIFFS
: AND APPROVAL OF SELECTION OF
: COUNSEL
----------------------------------------x

## TABLE OF CONTENTS

**Page**

**Page**

I. PRELIMINARY STATEMENT ..........................................................................................1

II. FACTUAL BACKGROUND...............................................................................................2

III. ARGUMENT.........................................................................................................................3

    A. Boston has Withdrawn its Lead Plaintiff Motion .....................................................3

    B. The Court Should Appoint Alaska and Norfolk as Lead Plaintiffs ..........................5

    C. Courts Routinely Accept Stipulations from Qualified Movants for the
Appointment of Lead Plaintiff .................................................................................8

    D. The Court Should Approve Proposed Lead Plaintiffs' Choice of Counsel .............9

IV. CONCLUSION....................................................................................................................13

## TABLE OF AUTHORITIES

Page

**CASES**

*Aviva Partners LLC v. Exide Technologies*,
 No. 3:05-cv-03098-MLC-JJH
 (D.N.J. March 24, 2006) ........................................................................................................8

*Barnet v. Elan Corp., PLC.*,
 236 F.R.D. 158 (S.D.N.Y. 2005) ..........................................................................................10

*Borochoff v. Glaxosmithkline PLC*,
 No. 07-cv-5574 (LLS), 2007 U.S. Dist. LEXIS 74621
 (S.D.N.Y. Oct. 5, 2007) ........................................................................................................11

*City of Brockton Ret. Sys. v. The Shaw Group, Inc.*,
 No. 06-cv-8245 (CM), 2007 U.S. Dist. LEXIS 72745
 (S.D.N.Y. 2007) ..............................................................................................................11, 12

*Ferrari v. Impath, Inc.*,
 No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898
 (S.D.N.Y. July 15, 2004) ........................................................................................................5

*Fishbury, Ltd. v. Connetics Corp.*,
 No. 06-cv-11496 (SWK), 2006 U.S. Dist. LEXIS 90696
 (S.D.N.Y. Dec. 14, 2006) .......................................................................................................5

*In re Cardinal Health, Inc. Sec. Litig.*,
 226 F.R.D. 298 (S.D. Ohio 2005) ...........................................................................................4

*In re Cavanaugh*,
 306 F.3d 726 (9th Cir. 2002) ............................................................................................9, 10

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001).............................................................................................9, 10

*In re Conagra Foods, Inc. Sec. Litig.*,
 No 8:05-cv-00292-LES-TDT (D. Neb. Dec. 2, 2005) ...........................................................8

*In re DHB Indus. Inc. Sec. Litig.*,
 No. 2-:05-cv-4296-JS-ETB (E.D.N.Y.) .................................................................................9

*In re Enron Corp. Sec. Litig.*,
 No. H-01-3624 (MH), 2005 U.S. Dist. LEXIS 39867
 (S.D. Tex. Dec. 22, 2005) ....................................................................................................11

**Page**

*In re Espeed, Inc. Sec. Litig.*,
    232 F.R.D. 95 (S.D.N.Y. 2005) ..........................................................................................6, 9

*In re Flight Safety Techs., Inc. Sec. Litig.*,
    231 F.R.D. 124 (D. Conn. 2005)..............................................................................................10

*In re Harley-Davidson, Inc. Sec. Litig.*,
    No 05-cv-00547-CNC (E.D. Wis. Feb. 14, 2006) .....................................................................8

*In re Host Am. Corp. Sec. Litig.*,
    236 F.R.D. 102 (D. Conn. 2006)..........................................................................................9, 10

*In re Infineon Tech. AG Sec. Litig.*,
    No 04-cv-4156-JW (N.D. Cal. Apr. 22, 2005) ..........................................................................8

*In re Initial Pub. Offering Sec. Litig.*,
    214 F.R.D. 117 (S.D.N.Y. 2002) ..........................................................................................6, 7

*In re NYSE Specialists*,
    240 F.R.D. 128 (S.D.N.Y. 2007) .............................................................................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................1

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    191 F.R.D. 369 (S.D.N.Y. 2000) .............................................................................................7

*In re XM Satellite Radio Holdings Sec. Litig.*,
    237 F.R.D. 13 (D.D.C. 2006)...................................................................................................5

*Jolly Roger Offshore Fund v. Bkf Capital Group, Inc.*,
    No. 07-cv-3923 (RWS), 2007 U.S. Dist. LEXIS 60437
    (S.D.N.Y. Aug. 14, 2007) .........................................................................................................5

*Levitt v. Rogers*,
    No. 06-5298-cv, 2007 U.S. App. LEXIS 29362
    (2d Cir. Dec. 18, 2007) ..........................................................................................................7, 8

*Middlesex County Retirement System v. Monster Worldwide, Inc.*,
    No. 07-cv-2237 (S.D.N.Y. June 14, 2007) .............................................................................12

*Schnall v. Annuity & Life Re (Holdings), Ltd.*,
    No. 02-cv-2133 (EBB), 2007 U.S. Dist. LEXIS 74918
    (D. Conn. Oct. 5, 2007)............................................................................................................7

**Page**

*Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ..................................................................................11

*Sofran v. LaBranche & Co.*,
    220 F.R.D. 398 (S.D.N.Y. 2004) ................................................................................5, 10

*Vanamringe v. Royal Group Techs., Ltd.*,
    237 F.R.D. 55 (S.D.N.Y. 2006) ..................................................................................9, 11

*Vladimir v. Bioenvision, Inc.*,
    No. 07-cv-6416 (SHS), 2007 U.S. Dist. LEXIS 93470
    (S.D.N.Y. Dec. 21, 2007) ..................................................................................................6

*Weltz v. Lee*,
    199 F.R.D. 129 (S.D.N.Y. 2001) .................................................................................5, 6

*Xianglin Shi v. SINA Corp.*,
    No. 05 Civ. 2154 (NRB), 2005 U.S. Dist. LEXIS 13176
    (S.D.N.Y. July 1, 2005) .....................................................................................................5

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    § 78u-4 ............................................................................................................... *passim*

**LEGISLATIVE HISTORY**

H.R. Conf. Rep. No. 104-369, 104th Cong., 1st Sess. (1995) ......................................................1, 9

Pursuant to the Court's direction at the December 14, 2007 conference (the "December 14 Conference"), proposed Lead Plaintiffs, the Alaska Hotel & Restaurant Employees Pension Trust Fund ("Alaska") and the Norfolk County Retirement System ("Norfolk"), and their respective counsel, Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Labaton Sucharow LLP ("Labaton Sucharow"), respectfully submit this memorandum in further support of the appointment of Alaska and Norfolk as Lead Plaintiffs and the Court's approval of their counsel as Lead Counsel.

## I. PRELIMINARY STATEMENT

When Congress passed the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), it made clear its preference for institutional investors to serve as lead plaintiffs in securities class actions. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998) (appointing, *inter alia*, two institutional investors as co-lead plaintiffs and citing H.R. Conf. Rep. No. 104-369, 104th Cong., 1st Sess., at 34 (1995)). Two such investors, Alaska and Norfolk, have now asked the Court to jointly appoint them as Lead Plaintiffs. No other class members seek appointment as Lead Plaintiffs and none have expressed any opposition to the appointment of Alaska and Norfolk. The only other investor that initially sought appointment as a Lead Plaintiff, the State-Boston Retirement System ("Boston") – who had filed its motion with Norfolk – has formally withdrawn its motion, and supports the appointment of Norfolk and Alaska.

At the December 14 Conference, the Court expressed its concern that Boston had not formally filed a notice of withdrawal of its motion, and, instead, submitted a Stipulation (the "Stipulation"), through its counsel, providing for the appointment of Alaska and Norfolk as Lead Plaintiffs. As was explained by counsel at the December 14 Conference, the proposed Lead Plaintiffs and their counsel believed that the filing of this Stipulation would expedite the resolution of the motions for Lead Plaintiff, similar to stipulations of this type that have been filed in other

securities class actions, and which are routinely approved. *See* Rosenfeld Decl., Ex. F.[1] The Court also asked why the stipulation was not signed on behalf of counsel for Boston. As stated in the affidavit submitted by Christopher J. Keller, this was an unintentional error. *See* Rosenfeld Decl., Ex. D, Keller Aff. at ¶3.[2] Labaton Sucharow, who signed the Stipulation for Norfolk, has represented Boston at all times and Boston had authorized the submission of the Stipulation. *See* Rosenfeld Decl., Ex. A, Tierney Aff. at ¶¶ 10-11.[3]

This memorandum and the accompanying affidavits [4] are being filed to address the Court's concerns raised at the December 14 Conference. For the reasons set forth herein, and as set forth in Alaska's and Norfolk's prior submissions, the Court should grant Alaska and Norfolk's unopposed motion for appointment as Lead Plaintiffs and approve their selection of counsel.

## II.  FACTUAL BACKGROUND

On September 18, 2007, plaintiff Briarwood Investments, Inc. ("Briarwood") filed a complaint in this Court captioned *Briarwood Investments, Inc. vs. Care Investment Trust Inc.,* Civil Action No. 1:07-cv-08159-LLS (the "Complaint"), asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, on behalf of all those (other than Defendants) who purchased the common stock of Care Investment Trust Inc. ("Care Investment" or the "Company") pursuant and/or traceable to the Company's initial public offering which took place on or about June 22, 2007 (the "IPO").

---

[1]  References to "Rosenfeld Decl." are to the Declaration of David A. Rosenfeld, dated January 11, 2008. All exhibits referenced herein are annexed to the Rosenfeld Decl.

[2]  References to "Keller Aff. at ¶__" are to the Affidavit of Christopher Keller.

[3]  References to "Tierney Aff. at ¶__" are to the Affidavit of Robert E. Tierney.

[4]  Because of certain logistical issues, we intend to submit an Affidavit on behalf of Alaska regarding the issues addressed in this submission next week.

In accordance with the PSLRA, Briarwood published notice to investors on *Business Wire*, a national, business-oriented newswire service, on September 18, 2007, advising them of the pendency of this action and of the opportunity to seek appointment as a Lead Plaintiff by no later than 60 days after publication of the notice, or November 19, 2007.

On November 19, 2007, Alaska filed a motion to be appointed as a Lead Plaintiff, as did Norfolk and Boston. On December 10, 2007, Alaska and Norfolk, through their counsel, submitted the Stipulation to the Court providing for their appointment as Lead Plaintiffs. At the time that the Stipulation was filed, Boston had not formally filed a withdrawal of its motion, prompting the Court's request for additional information concerning Boston's withdrawal.

### III.     ARGUMENT

#### A.     Boston has Withdrawn its Lead Plaintiff Motion

As reflected by the Notice of Withdrawal that Boston filed contemporaneously with this submission (the "Notice"), Boston has formally withdrawn its application for appointment as Lead Plaintiff. Although Boston and Norfolk initially jointly sought to be appointed as Lead Plaintiffs, Boston later determined that its interests in this litigation would be adequately protected by the appointment of Alaska and Norfolk as Lead Plaintiffs. Specifically, once Boston realized that the litigation would be spearheaded by institutional investors, including Norfolk, with whom it has a long-standing relationship, and experienced counsel, Boston determined that it would be in its best interest to no longer pursue appointment as lead plaintiff, because of the PSLRA's "five-in-three" presumption, which states that:

> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

15 U.S.C. §78u-4(a)(3)(vi).[5] *See* Tierney Aff. at ¶¶ 6, 10.

Boston was concerned that its appointment in this action as a Lead Plaintiff could preclude it from being appointed in other matters. *See id*. Shortly after it filed its Lead Plaintiff motion in this case, Boston became aware that it had a financial interest of $1.8 million in a case against BankAtlantic Bancorp Inc., pending in the Southern District of Florida, and a $1 million financial interest in a case against LM Ericsson Telephone Co., pending in the Southern District of New York. *See id*. at ¶7. As detailed in its moving papers, Boston's interest in the present litigation is $53,500. Boston has recently moved to be appointed lead plaintiff in the *Ericsson* and *BankAtlantic* actions.

Boston's motion for Lead Plaintiff in this action was not formally withdrawn because counsel believed that the stipulation could appropriately be deemed to supersede the motion. *See* Keller Aff. at ¶4. At the December 14 Conference, however, the Court noted that Boston's motion was still formally pending and, because Boston had the "largest financial interest" in the litigation, granting the Stipulation would have been inconsistent with the statutory criteria for appointment. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Counsel agrees that the better course would have been to have Boston formally withdraw its motion with the filing of the Stipulation. This withdrawal is being filed contemporaneously with the filing of this memorandum, along with a Revised Stipulation.

---

[5] By the rule's express terms ("as the court may otherwise permit"), courts have significant discretion in applying the five-in-three bar. Some courts have held that the rule was not intended to apply to institutional investors, while others have enforced it against institutions. *See, e.g., In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298, 309 (S.D. Ohio 2005) ("There is a split of authority over whether and when the presumption should be rebutted if an institutional investor, like New Jersey, is seeking lead plaintiff status.").

### B. The Court Should Appoint Alaska and Norfolk as Lead Plaintiffs

Boston, for the reasons expressed in its accompanying Affidavit, has formally withdrawn its Lead Plaintiff motion by filing the Notice with the Court. The only two remaining movants before the Court are Alaska and Norfolk, institutional investors that seek to be appointed as Lead Plaintiffs in this matter. Because these movants are putative class members with the largest losses – together, totaling nearly $40,000 – and are otherwise adequate and typical, they are presumptively the most adequate plaintiffs. *See Jolly Roger Offshore Fund v. Bkf Capital Group, Inc.*, No. 07-cv-3923 (RWS), 2007 U.S. Dist. LEXIS 60437, at *7 (S.D.N.Y. Aug. 14, 2007) (movant was deemed to have largest financial interest where motion was uncontested); *Fishbury, Ltd. v. Connetics Corp.*, No. 06-cv-11496 (SWK), 2006 U.S. Dist. LEXIS 90696, at *6 (S.D.N.Y. Dec. 14, 2006) (movant with largest financial interest is presumptively most adequate plaintiff). Accordingly, this Court should appoint Alaska and Norfolk as Lead Plaintiffs.

Moreover, each of these movants has expressed an unwavering interest to serve as Lead Plaintiff in this matter, with Alaska and Norfolk having filed separate motions for appointment, but now agreeing to share the responsibilities of leading the prosecution of this action. The PSLRA expressly authorizes the appointment of groups as lead plaintiffs. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ("the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or **group** of persons. . .") (emphasis added). *See also Xianglin Shi v. SINA Corp.*, No. 05 Civ. 2154 (NRB), 2005 U.S. Dist. LEXIS 13176 (S.D.N.Y. July 1, 2005); *Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) (appointing two institutions as lead plaintiff); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 404 (S.D.N.Y. 2004) (appointing group of investors as lead plaintiff; *In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D. 13, 20 (D.D.C. 2006) (appointing a group of institutional investors as lead plaintiff); *Weltz v. Lee*, 199 F.R.D. 129, 132 (S.D.N.Y. 2001) (citing

- 5 -

cases, and noting that "the PSLRA itself clearly contemplates the appointment of multiple plaintiffs to manage the litigation."); *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (providing that a court must appoint the "person or group of persons" that meets the PSLRA's requirements).  In fact, several courts have pointed out that a majority of courts permit shareholders to aggregate claims in connection with the lead plaintiff process.  *See, e.g.*, *Vladimir v. Bioenvision, Inc.*, No. 07-cv-6416 (SHS) (AJP), 2007 U.S. Dist. LEXIS 93470, at *39-40 (S.D.N.Y. Dec. 21, 2007) (noting that under the "'majority view'" espoused by Judge Scheindlin in *In re Espeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99 (S.D.N.Y. 2005), "'unrelated investors may aggregate under certain circumstances,'" and permitting such aggregation); *Weltz*, 199 F.R.D. at 132 (holding that "[t]he majority of courts . . . have permitted the aggregation of claims for the purposes of becoming lead plaintiff.").

Courts have permitted the appointment of two movants so long as those shareholders have not attempted to aggregate their losses solely to surpass other shareholders who have larger losses.  *See, e.g.*, *In re Espeed*, 232 F.R.D. at 100 (holding that "where aggregation would not displace an institutional investor as presumptive lead plaintiff based on the amount of losses sustained, a small group of unrelated investors may serve as lead plaintiff, assuming they meet the other necessary requirements."); *see also Vladimir*, 2007 U.S. Dist. LEXIS 93470, at *40 (employing the reasoning set forth in *In re Espeed*, 232 F.R.D. at 100, and permitting aggregation).  In the absence of these concerns, courts have permitted lead plaintiff candidates to effectuate the appointment by stipulation, as Alaska and Norfolk seek to do here.  *See* Rosenfeld Decl., Ex. F.

Judge Scheindlin's decision in *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117 (S.D.N.Y. 2002) ("*IPO*"), while not addressing the precise facts at issue here, is instructive on the issue of whether a lead plaintiff can withdraw and/or be substituted.  In *IPO*, Judge Scheindlin permitted the substitution of lead plaintiffs during the course of the litigation.  While noting that

"[t]he PSLRA is entirely silent on the proper procedure for substituting a new lead plaintiff when the previously certified one withdraws," the court nevertheless concluded that it could appoint the "next 'most adequate' plaintiff." *Id.* at 120. In so ruling, the court observed that "the most adequate plaintiff is not necessarily the class member with the largest financial interest in the action, but rather the class member with the largest financial interest in the action who is willing to prosecute the claims . . . ."[6] *Id.* at 121. In fact, the court so ruled even though the lead plaintiffs it had initially appointed "had chosen to withdraw for unspecified reasons."[7] *See In re NYSE Specialists*, 240 F.R.D. at 134 n.8 (explaining the *IPO* decision). Moreover, in contrast to the lead plaintiffs in *IPO*, which, as noted above, had chosen to withdraw for unspecified reasons *after* they had been appointed, Boston has expressed its reasons for withdrawing and has done so as early as possible in the litigation and prior to being appointed.

More recently, in *Levitt v. Rogers*, No. 06-5298-cv, 2007 U.S. App. LEXIS 29362, at *1-*2 (2d Cir. Dec. 18, 2007), the Second Circuit Court of Appeals addressed whether a district court acted properly when it refused to appoint as lead plaintiffs a group of shareholders who then had the largest financial interest in the outcome of the case. Although that group did not have the largest financial interest at the inception of the litigation, the dismissal of the claims of certain other

---

[6] In fact, on several occasions, courts in this District have acknowledged that a lead plaintiff, once appointed, may "'simply withdraw his or her expression of willingness to serve as Class Representative. . . .'" prompting a court to independently appoint a representative other than that lead plaintiff. *In re NYSE Specialists*, 240 F.R.D. 128, 133 (S.D.N.Y. 2007) (quoting *In re Oxford Health Plans, Inc. Sec. Litig.*, 191 F.R.D. 369, 379 (S.D.N.Y. 2000)).

[7] Thus, even had the Court appointed Boston as Lead Plaintiff in this case, it could still permit Boston to withdraw as Lead Plaintiff in favor of appointing Alaska and Norfolk as Lead Plaintiffs. *Cf. Schnall v. Annuity & Life Re (Holdings), Ltd.*, No. 02-cv-2133 (EBB), 2007 U.S. Dist. LEXIS 74918, at *7-8 (D. Conn. Oct. 5, 2007) (refusing to grant a lead plaintiff's request to withdraw where, *inter alia*, the lead plaintiff "waited over two years, and moved to withdraw just weeks after Defendant noticed its deposition."). In the *Schnall* case, the court was concerned that the class would be prejudiced by a lead plaintiff withdrawing two years into the litigation. These concerns are not present here. Boston was never appointed as Lead Plaintiff here, the litigation is in its infancy, and two institutional investors who meet the PSLRA's lead plaintiff requirements stand ready to spearhead this litigation as Lead Plaintiffs.

plaintiffs rendered it so, thus also rendering the group presumptively the most adequate plaintiffs. *Id*. at *3. The district court declined to appoint the group, which the Second Circuit held was an abuse of discretion. *Id*. at *4. While acknowledging a district court's discretion to determine "the adequacy of lead plaintiffs," the Second Circuit cautioned courts to "be mindful of the statutory language of the PSLRA, which makes clear that there is a rebuttable presumption in favor of the plaintiff with the largest financial interest in the relief sought by the class . . . ." *Id*. at *3-*4 (noting also that another group of plaintiffs "showed little vigor in pursuing recovery. . . . ").

While it is true that Boston had the largest financial loss, Boston has withdrawn its motion. Accordingly, Alaska and Norfolk are the shareholder group with the largest financial interest in the litigation. Alaska and Norfolk are entitled to be appointed as Lead Plaintiffs because they meet the statutory criteria as demonstrated herein and in their original filings. *See Levitt*, 2007 U.S. App. LEXIS 29362, at *4 (emphasizing that the PSLRA creates "a rebuttable presumption in favor of the plaintiff with the largest financial interest").

### C. Courts Routinely Accept Stipulations from Qualified Movants for the Appointment of Lead Plaintiff

The submission of a stipulation by previously separate lead plaintiff movants is common in securities litigation and has been routinely endorsed by numerous courts nationwide – including the courts of this District. *See* Rosenfeld Decl., Ex. F: *Aviva Partners LLC v. Exide Technologies*, No. 3:05-cv-03098-MLC-JJH (D.N.J. March 24, 2006); *In re Infineon Tech. AG Sec. Litig.*, No 04-cv-4156-JW (N.D. Cal. Apr. 22, 2005); *In re Conagra Foods, Inc. Sec. Litig.*, No 8:05-cv-00292-LES-TDT (D. Neb. Dec. 2, 2005) (Joint Stipulation dated September 6, 2005); *In re Harley-Davidson, Inc. Sec. Litig.,* No 05-cv-00547-CNC (E.D. Wis. Feb. 14, 2006) (Joint Stipulation dated August 29, 2005).

In each of the preceding cases, the court entered the post-motion lead plaintiff stipulations. Such an approach, so long as it is does not aggregate the financial interests of two lead plaintiffs candidates to surpass a candidate with a larger financial interest, is entirely consistent with the PSLRA, particularly where the movants involved are institutional investors. *See, e.g.*, *In re Espeed*, 232 F.R.D. at 100. Accordingly, the Revised Stipulation submitted by Norfolk and Alaska should be granted.

### D. The Court Should Approve Proposed Lead Plaintiffs' Choice of Counsel

Pursuant to the PSLRA, a lead plaintiff is entitled to select counsel to represent it and the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) (providing that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."); *see also Vanamringe v. Royal Group Techs., Ltd.*, 237 F.R.D. 55, 58 (S.D.N.Y. 2006) (approving the selection of Coughlin Stoia and Labaton Sucharow as lead counsel); *see also In re DHB Indus. Inc. Sec. Litig.*, No. 2-:05-cv-4296-JS-ETB (E.D.N.Y.) (same).[8] A court's role in the appointment of lead counsel "is generally limited to 'approving or disapproving lead plaintiff's choice of counsel;' and . . . it is not the court's responsibility to make that choice itself . . . ." *In re Host Am. Corp. Sec. Litig.*, 236 F.R.D. 102, 105 (D. Conn. 2006) (quoting *In re Cendant Corp. Litig.*, 264 F.3d 201, 274 (3d Cir. 2001), which, in turn, quoted H.R. Conf. Rep. No. 104-369, 104th Cong., 1st Sess., at 35 (1995)). Indeed, although the appointment of lead counsel is subject to judicial approval, the PSLRA "clearly leaves the choice of class counsel in the hands of the lead

---

[8] In *In re DHB Indus. Inc. Sec. Litig.*, No. 2-:05-cv-4296-JS-ETB (E.D.N.Y.), Judge Joanna Seybert, of the Eastern District of New York, granted preliminary approval of a settlement that provided class members with $34.9 million, a distribution of over 3.1 million shares of DHB stock, the adoption of corporate governance measures that strengthen the company and the resignation of certain senior management personnel. *See* Rosenfeld Decl., Ex. G (attaching a copy of the preliminary approval order).

plaintiff." *In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002) ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this prerogative from securities plaintiffs. And, indeed, it did not.").

As such, a court should "'employ a deferential standard in reviewing the lead plaintiff's choices,'" *In re Host*, 236 F.R.D. at 105 (quoting *In re Cendant*, 264 F.3d at 274), and should "not disturb a lead plaintiff's selection unless it is necessary to protect the interests of the class." *See In re Host*, 236 F.R.D. at 109 (citing *In re Flight Safety Techs., Inc. Sec. Litig.*, 231 F.R.D. 124, 132 (D. Conn. 2005)). In this regard, inquiry into the appropriateness of a lead plaintiff's choice of counsel is generally warranted only in the most extraordinary of circumstances, such as where the evidence suggests that proposed counsel could not adequately prosecute the action. *See In re Cavanaugh*, 306 F.3d at 733 (noting that "if the presumptive lead plaintiff has selected a lawyer who just graduated from law school, or a sole practitioner who appears to lack the staff to handle a major class action lawsuit, the district court should inquire how the lawyer proposes to get the job done."). As one court has acknowledged, "the court must keep firmly in mind that the inquiry is not into the adequacy or fitness of counsel but into the adequacy of plaintiff, and the choice of counsel is only an indicator – and a relatively weak one at that – of plaintiff's fitness." *Id.* (noting that "if the presumptive lead plaintiff has selected as counsel a family member or a lawyer who has a conflict of interest, this too may bear on the plaintiff's adequacy.").

Moreover, courts have generally approved lead plaintiffs' selection of one or more firms as lead counsel where, as here, counsel have agreed to ensure that fees and expenses are not duplicated. *See, e.g., Barnet v. Elan Corp., PLC.*, 236 F.R.D. 158, 163 (S.D.N.Y. 2005) (appointing co-lead counsel "provided that there is no duplication of attorneys' services, and the use of co-lead counsel does not in any way increase attorneys' fees and expenses."); *Sofran*, 220 F.R.D. at 404 (same).

Here, Lead Plaintiff movants Alaska and Norfolk have selected Coughlin Stoia and Labaton Sucharow as proposed Lead Counsel for the class. Federal courts throughout the Country have approved of the appointment of these firms, both separately and together, as lead counsel in numerous other securities class actions similar to this one. *See, e.g.*, *Vanamringe*, 237 F.R.D. at 58 (appointing the Coughlin Stoia and Labaton Sucharow together as lead counsel); *see also Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 325 (S.D.N.Y. 2004) (Stein, J.) (approving Labaton as lead counsel).

Coughlin Stoia, a nationwide firm which has substantial experience in the prosecution of shareholder and securities class actions (*See* Rosenfeld Decl., Ex. I), has served as lead counsel in some of the most complex class actions, including *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (MH), 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Coughlin Stoia has obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. Indeed, in *In re Enron*, the court recognized that "[t]he firm is comprised of probably the most prominent securities class action attorneys in the country," whose "conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources . . . is evident throughout this suit." *See In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, No. H-01-3624 (MH), 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006). In fact, this Court appointed Coughlin Stoia as lead counsel in a securities class action only several months ago. *See Borochoff v. Glaxosmithkline PLC*, No. 07-cv-5574 (LLS), 2007 U.S. Dist. LEXIS 74621, at *11 (S.D.N.Y. Oct. 5, 2007) (acknowledging that the Coughlin firm is "well qualified and has successfully served as lead counsel or co-lead counsel in numerous complex securities class actions," and approving its appointment as lead counsel).

Labaton Sucharow is a New York City-based law firm that has practiced in the area of securities class actions for over 40 years. The firm has been appointed as lead counsel in numerous securities class actions nationwide pursuant to the PSLRA, including many in this District. *See e.g., City of Brockton Ret. Sys. v. The Shaw Group, Inc.*, No. 06-cv-8245 (CM) (MHD), 2007 U.S. Dist. LEXIS 72745, at *14 (S.D.N.Y. 2007) (Dolinger, M.J.) (observing that Labaton Sucharow "is a very experienced and capable firm specializing in class-action securities litigation, with a roster of prior appointments as lead counsel in such cases. . . . ."). In *Middlesex County Retirement System v. Monster Worldwide, Inc.*, No. 07-cv-2237 (S.D.N.Y. June 14, 2007), Judge Rakoff appointed Labaton Sucharow as lead counsel, stating that "**the Labaton firm is very well known to [] courts for the excellence of its representation**. It seems to be clear that they, the plaintiffs here . . . are precisely the type of plaintiffs that the Reform Act contemplates to be lead plaintiffs and they are **represented by very able counsel**." *See* Rosenfeld Decl., Ex. H at 24-25 (attaching relevant portions of the transcript) (emphasis added). As detailed in Labaton Sucharow's firm resume, the firm has achieved excellent results in many high-profile cases. *See* Rosenfeld Decl. Ex. J.

Here, Coughlin Stoia researched and drafted the Complaint in this action – a relevant factor in approving the selection of counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa); *see also City of Brockton*, 2007 U.S. Dist. LEXIS 72745, at *14 (appointing Labaton as lead counsel where "its attorneys in fact drafted and filed the current complaint."). Moreover, Coughlin Stoia and Labaton Sucharow have continued the investigation of the claims in this case with the intention of filing an Amended Complaint within 30 days after the Court's appointment of Alaska and Norfolk as Lead Plaintiffs and its approval of the designation of Coughlin Stoia and Labaton Sucharow as Lead Counsel.

Accordingly, pursuant to the PSLRA, this Court should appoint Alaska and Norfolk as Lead Plaintiffs and approve their selection of counsel as Lead Counsel.

## IV. CONCLUSION

For all the foregoing reasons, proposed Lead Plaintiffs Alaska and Norfolk respectfully request that the Court: (i) appoint them as Lead Plaintiffs; (ii) approve their selection of Coughlin Stoia Geller Rudman & Robbins LLP and Labaton Sucharow LLP as Lead Counsel; and (iii) grant such other relief as the court may deem just and proper.

DATED:  January 11, 2008              COUGHLIN STOIA GELLER
                                        RUDMAN & ROBBINS LLP


                                       */s/ David A. Rosenfeld*
                                       DAVID A. ROSENFELD

                                       SAMUEL H. RUDMAN
                                       DAVID A. ROSENFELD
                                       JOSEPH RUSSELLO
                                       58 South Service Road, Suite 200
                                       Melville, NY  11747
                                       Telephone:  631/367-7100
                                       631/367-1173 (fax)

                                       LABATON SUCHAROW LLP
                                       CHRISTOPHER J. KELLER
                                       ANDREI V. RADO
                                       ALAN I. ELLMAN
                                       140 Broadway
                                       New York, New York 10005
                                       Telephone: (212) 907-0700
                                       (212) 818-0477 (fax)

                                       [Proposed] Lead Counsel for Plaintiffs and the Class

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2008, a copy of the foregoing

- Supplemental Memorandum Of Law In Further Support Of The Motion Of Alaska Hotel & Restaurant Employees Pension Trust Fund And Norfolk County Retirement System For Appointment As Lead Plaintiffs And Approval Of Selection Of Counsel; and

- Declaration Of David A. Rosenfeld In Further Support Of The Motion Of Alaska Hotel & Restaurant Employees Pension Trust Fund And Norfolk County Retirement System For Appointment As Lead Plaintiffs And Approval Of Selection Of Counsel

was sent, via U.S. Mail, postage prepaid to the following parties on the attached service list.

            *s/ David A. Rosenfeld*_____
            David A. Rosenfeld

CARE INVESTMENT
Service List - 12/21/2007   (07-0193)
Page 1 of 1

### Counsel For Defendant(s)

Andrew David Kaizer
McDermott Will & Emery LLP
340 Madison Avenue
New York, NY  10017
   212/547-5400
   212/547-5444 (Fax)

Joel G. Chefitz
Myriam Pierre Warren
McDermott Will & Emery LLP
227 W. Monroe Street, Suite 3100
Chicago, IL  60606-5096
   312/372-2000
   312/984-3689 (Fax)

### Counsel For Plaintiff(s)

Jack G. Fruchter
Abraham, Fruchter & Twersky
One Pennsylvania Plaza, Suite 2805
New York, NY  10119
   212/279-5050
   212/279-3655 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario Alba, Jr.
Coughlin Stoia Geller Rudman & Robbins LLP
58 South Service Road, Suite 200
Melville, NY  11747
   631/367-7100
   631/367-1173 (Fax)

Christopher J. Keller
Andrei V. Rado
Alan I. Ellman
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY  10005
   212/907-0700
   212/818-0477 (Fax)