UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re DHB INDUSTRIES, INC. CLASS ACTION LITIGATION | x : : : | Civil Action No. 2:05-cv-04296-JS-ETB |
|  | : | CLASS ACTION |
| This Document Relates To: | : : : | [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT OF CLASS ACTION AND PROVIDING FOR NOTICE |
| ALL ACTIONS. | : x |  |

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the settlement (the "Settlement") of a certain Class Action (the "Class Action"), in accordance with a Stipulation and Agreement of Settlement dated as of November 30, 2006 (the "Stipulation"), which, together with the Exhibits annexed thereto sets forth the terms and conditions for a Settlement and dismissal of the Class Action and a certain related Derivative Action (collectively the "Actions") upon the terms and conditions set forth therein; and

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having read and considered the Stipulation and the Exhibits annexed thereto:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.    The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Class Action.

2.    For purposes of settlement only, the Court hereby certifies a Class defined as all Persons who purchased or otherwise acquired (including by exchange, conversion or otherwise) the publicly traded securities of DHB (including puts, calls and other securities) on or after November 18, 2003 until and including November 30, 2006, and were allegedly damaged thereby. Excluded from the Class are the Class Defendants and the Derivative Defendants and Persons related to Defendants, including any subsidiaries or affiliates of DHB; the officers and directors of DHB during the Class Period; members of the individual Defendants' immediate families; any person, firm, trust, officer, director or any individual or entity in which any Defendant has a controlling interest or which is related to, or affiliated with, any of the Defendants, and the legal representatives,

- 1 -

agents, affiliates, heirs, successors in interest or assigns of any such excluded person or entity. Also excluded from the Class are those Persons who timely and validly request to be excluded from the Class pursuant to the "Notice of Pendency and Settlement of Class Action" to be sent to Class Members. The Court hereby appoints the Lead Plaintiffs as representatives of the Class.

3. With respect to the Class, again for purposes of settlement only, this Court finds that: (a) the Members of the Class are so numerous that joinder of all Class Members in the Class Action is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual question; (c) the claims of the Class Plaintiffs are typical of the claims of the Class; (d) the Class Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Class Action.

4. A hearing (the "Settlement Hearing") shall be held before this Court on October 5, 2007, at 10:00 a.m., at the Alfonse M. D'Amato Federal Building, United States District Court, 100 Federal Plaza, Central Islip, New York 11722-4438, to determine whether the Settlement of the Class Action and the Derivative Action on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court; whether a Judgment as provided in §1, ¶1.18 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Class Plaintiffs' Counsel and the amount, if any, to be awarded to the Class

Plaintiffs in the Class Action to reimburse them for their costs and expenses. The Court may adjourn the Settlement Hearing or modify any of the dates herein without further notice to Members of the Class.

      5.     The Court approves, as to form and content, the Notice of Pendency and Settlement of Class Action (the "Class Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice for Publication of Settlement of Class Action (the "Summary Class Notice") annexed as Exhibits B-1, B-2 and B-3 hereto, respectively, and finds that the mailing and distribution of the Class Notice and publishing of the Summary Class Notice, substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23, 15 U.S.C. §78u-4(a)(7), and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

      6.     Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure and the processing of claims as more fully set forth below:

      (a)     Not later than July 18 , 2007 ("Notice Date"), Class Plaintiffs' Counsel shall cause a copy of the Class Notice and the Proof of Claim, substantially in the forms annexed as Exhibits B-1 and B-2 hereto, to be mailed by first class mail to all Class Members who can be identified with reasonable effort;

      (b)     Not later than July 20 , 2007, Class Plaintiffs' Counsel shall cause the Summary Class Notice, substantially in the form annexed as Exhibit B-3 hereto, to be published once in *Investor's Business Daily*; and

      (c)     At least seven (7) business days prior to the Settlement Hearing, Class Plaintiffs' Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

- 3 -

7.      Nominees who held or hold DHB publicly traded securities for the beneficial ownership of Persons who purchased or otherwise acquired DHB publicly traded securities during the period November 18, 2003 through November 30, 2006, inclusive, shall send the Class Notice and the Proof of Claim to such beneficial owners of such DHB securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof in which event the Claims Administrator shall promptly mail the Class Notice and Proof of Claim to such beneficial owners.

8.      Class Plaintiffs and all other Members of the Class shall be bound by all orders, determinations and the Judgment in the Class Action concerning the Settlement, whether favorable or unfavorable to the Members of the Class or any of them.

9.      Any Person falling within the definition of the Class may, upon request, be excluded from the Settlement. Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than _Sept. 15_, 2007. A Request for Exclusion must state: (1) the name, address, and telephone number of the Person requesting exclusion; (2) the number of shares of DHB publicly traded securities purchased during the Class Period; and (3) that the Person wishes to be excluded from the Class. All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Class Action Settlement Fund, and shall not be bound by the Stipulation or the Judgment. The Class Action Settlement Fund consists of $34.9 million in cash (plus interest thereon) and 3,184,713 shares of DHB common stock.

10.     Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be postmarked no later than ninety (90) days from the

Notice Date. Any Class Member who does not timely submit a Proof of Claim within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Class Action Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by the terms and conditions of the Settlement. Notwithstanding the foregoing Class Plaintiffs' Counsel shall have the discretion to accept late submitted claims for processing so long as the distribution of the Net Class Action Settlement Fund to Authorized Claimants is not materially delayed.

11.    Any Member of the Class may enter an appearance in the Class Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If he, she or it does not enter an appearance, he, she or it will be represented by Class Plaintiffs' Counsel.

12.    Pending final determination of whether the Settlement should be approved, no Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute against any of the Released Class Persons, any action or proceeding in any court or tribunal asserting any of the Released Class Claims.

13.    Any Member of the Class may appear and show cause, if he, she or it has any, why the Settlement of the Class Action should not be approved as fair, reasonable and adequate, or why a Judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees and expenses should not be awarded to Class Plaintiffs' Counsel as requested or why the Class Plaintiffs should not be reimbursed for their costs and expenses as requested; provided, however, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Class Plaintiffs' Counsel, or any award reimbursing the Class Plaintiffs for their costs and expenses, unless that Person, on or before Sept. 21, 2007, has filed with the Court and served on the

- 5 -

following counsel (delivered by hand or sent by first class mail) written objections and copies of any

papers and briefs in support thereof:

> Samuel H. Rudman
> LERACH COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> 58 South Service Road, Suite 200
> Melville, NY 11747
>
> William S. Lerach
> Keith F. Park
> Thomas G. Wilhelm
> LERACH COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> Lynda J. Grant
> Nicole M. Zeiss
> LABATON SUCHAROW & RUDOFF LLP
> 100 Park Avenue, 12th Floor
> New York, NY 10017-5563
>
> Co-Lead Counsel for Class Plaintiffs
>
> Eric Rieder
> David P. Kasakove
> BRYAN CAVE LLP
> 1290 Avenue of the Americas
> New York, NY 10104
>
> Counsel for Defendant DHB Industries, Inc.
>
> George S. Canellos
> C. Neil Gray
> Daniel M. Perry
> Robert C. Hora
> MILBANK TWEED HADLEY
>   & McCLOY LLP
> 1 Chase Manhattan Plaza
> New York, NY 10005-1413

R. Robert Popeo
John F. Sylvia
MINTZ LEVIN COHN FERRIS
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111

Jerome Gotkin
MINTZ LEVIN COHN FERRIS
  GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, NY 10017-4011

Counsel for Defendant David H. Brooks

George S. Canellos
C. Neil Gray
Daniel M. Perry
Robert C. Hora
MILBANK TWEED HADLEY
  & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413

Counsel for Defendants David Brooks International Inc., Andrew Brooks
Industries Inc., sued as Andrew Brooks International Inc., Elizabeth Brooks
Industries Inc., sued as Elizabeth Brooks International Inc.

Roland G. Riopelle
SERCARZ & RIOPELLE, LLP
Carnegie Hall Tower
152 W. 57th Street, Suite 24C
New York, NY 10019

Counsel for Defendant Sandra Hatfield

Steven G. Kobre
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022

Counsel for Defendant Dawn Schlegel

Mark Holland
Robert G. Houck
Mary K. Dulka
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019

Counsel for Defendants Cary Chasin, Jerome Krantz, Gary Nadelman, and Barry
Berkman

Israel David
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004

Counsel for Defendant Terry Brooks


(a)    The written objections and copies of any papers and briefs in support thereof

to be filed with the Court shall be delivered by hand or sent by first class mail to:

Clerk of the Court
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
Alfonse M. D'Amato Federal Building
United States District Court
100 Federal Plaza
Central Islip, NY 11722-4438

(b)    Any Member of the Class who does not make his, her or its objection in the

manner provided shall be deemed to have waived such objection and shall forever be foreclosed

from making any objection to the fairness, reasonableness or adequacy of the Settlement as

incorporated in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and

expenses to Class Plaintiffs' Counsel or reimbursement of the costs and expenses of the Class

- 8 -

Plaintiffs, unless otherwise ordered by the Court, but shall otherwise be bound by the judgment to be entered and the releases to be given.

14.     All papers in support of the Settlement, the Plan of Allocation, any application by Class Plaintiffs' Counsel for attorneys' fees and expenses and reimbursement of the Class or Lead Plaintiffs' costs and expenses shall be filed with the Court and served by overnight mail or hand delivery no later than seven (7) days prior to the Settlement Hearing.

15.     No Person who is not a Class Member, Class Plaintiffs' Counsel, or Class Plaintiff shall have any right to any portion of, or to any distribution of, the Class Action Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

16.     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court.

17.     Neither Class Defendants nor Class Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees and expenses submitted by Class Plaintiffs' Counsel or reimbursement of the Class Plaintiffs' costs and expenses submitted by Class Plaintiffs' Counsel and all such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

18.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Class Plaintiffs' Counsel, and any application for attorneys' fees and expenses or reimbursement of the Class Plaintiffs' costs and expenses shall be approved.

19.     All reasonable expenses incurred in identifying and notifying Class Members, as well as in administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Effective Date does not occur, there is no obligation to repay any amounts actually and properly disbursed from or chargeable to the Notice and Administration Fund.

20.     Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, or any of them, of the truth of any of the allegations in the Class Action, or of any liability, fault, or wrongdoing of any kind.

21.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any of the dates set forth herein without further notice to the Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Members of the Class.

IT IS SO ORDERED.

DATED: _July 3, 2007_ _____
THE HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE

S:\Settlement\DHB Industries 05.set\6-12 Docs for eFile\Order Prelim.doc

- 10 -

**EXHIBIT B-1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ─────────────────────── x | | |
| In re DHB INDUSTRIES, INC. CLASS ACTION LITIGATION | : | Civil Action No. 2:05-cv-04296-JS-ETB |
| | : | CLASS ACTION |
| ─────────────────────── | : | |
| | : | |
| This Document Relates To: | : | NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION |
| | : | |
| ALL ACTIONS. | : | |
| ─────────────────────── x | | EXHIBIT B-1 |

TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED (INCLUDING BY EXCHANGE, CONVERSION OR OTHERWISE) DHB INDUSTRIES, INC. ("DHB") PUBLICLY TRADED SECURITIES (INCLUDING PUTS, CALLS AND OTHER SECURITIES) ON OR AFTER NOVEMBER 18, 2003 UNTIL AND INCLUDING NOVEMBER 30, 2006 (THE "CLASS" AS MORE PARTICULARLY DEFINED BELOW:

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A MEMBER OF THE CLASS YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE CLASS ACTION SETTLEMENT FUND DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THIS FUND, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2007.

This Notice has been sent to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York (the "Court"). The purpose of this Notice is to inform you of the settlement ("Settlement") of a class action (the "Class Action") pursuant to an agreement (the "Stipulation") to resolve the claims in the Class Action and a related derivative action (the "Derivative Action") (collectively, the "Actions"), and of the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement. This Notice describes the rights you may have in connection with the Settlement and what steps you may take in relation to the Settlement and the Class Action.

The Settlement creates a fund in the principal amount of $34,900,000 in cash and 3,184,713 shares of DHB common stock (the "Class Action Settlement Fund"), the cash portion of which is earning interest. The Settlement also provides for the adoption by DHB of certain corporate governance measures and the resignation of certain senior DHB management personnel and certain members of DHB's Board of Directors. Based on an estimate of the number of shares entitled to participate in the Settlement and the anticipated number of claims to be submitted by Class Members

- 1 -

and the current price of DHB common stock, the average distribution from the Class Action Settlement Fund (with the stock portion converted to a dollar amount based on its current trading price) will be approximately $0.46 per share before deduction of Court-approved fees and expenses. However, your actual recovery from the Class Action Settlement Fund will depend on a number of variables, including the number of claimants, the number of shares you purchased during the Class Period, the expense of administering the claims process, and the timing of your purchases and sales, if any.

The parties to the Class Action do not agree on the average amount of damages per share that would have been recoverable if the Class Plaintiffs had prevailed on the claims asserted in the Class Action, or even whether the Class Plaintiffs would have prevailed on any of those claims. The issues on which the parties disagree include: (1) the appropriate economic model for determining the amount by which the trading price of DHB securities was allegedly artificially inflated (if at all) at any time during the Class Period; (2) the effect of various market forces influencing the trading price of DHB securities at various times during the Class Period; (3) the extent to which external factors, such as general market conditions, influenced the trading price of DHB securities at various times during the Class Period; (4) the extent to which the various matters that the Class Plaintiffs alleged were materially false or misleading influenced (if at all) the trading price of DHB securities at various times during the Class Period; (5) the extent to which the various allegedly adverse material facts that the Class Plaintiffs alleged were omitted influenced (if at all) the trading price of DHB securities at various times during the Class Period; and (6) whether any of the statements made or facts allegedly omitted were false, material or otherwise actionable under the federal securities laws.

Counsel for the Class Plaintiffs believe that the Settlement is a substantial recovery and is in the best interests of the Class. Because of the risks associated with continuing to litigate and

- 2 -

proceeding to trial, there was a danger that the Class Plaintiffs would not have prevailed on any of their claims, in which case the Class would have received nothing. In addition, the amount of damages recoverable by the Class, if any, was and continues to be vigorously challenged by the Defendants. If the cases were tried, recoverable damages, if any, would have been limited to losses caused by conduct actionable under the securities laws and, had the Class Action gone to trial, Defendants intended to assert that all or most of the alleged losses of the Class Members were caused by non-actionable market, industry or general economic factors.

Class Plaintiffs' Counsel have not received any payment for their services in conducting the Class Action on behalf of the Members of the Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Class Plaintiffs' Counsel will apply to the Court (1) for attorneys' fees not to exceed 25% of the settlement proceeds (in both cash and DHB stock), and reimbursement of expenses incurred not to exceed $350,000.00, and (2) up to $25,000.00 for each Class Plaintiff to reimburse them for their costs and expenses, all to be paid from the Class Action Settlement Fund. If the amounts requested by Class Plaintiff's Counsel are approved by the Court, the average cost would be approximately $0.12 per share. The average cost per share would also vary depending on the number of shares for which valid claims are submitted.

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party in the Class Action or the fairness or adequacy of the Settlement.

For further information regarding this Settlement you may contact a representative of Class Plaintiffs' Counsel: Rick Nelson, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, Telephone: 800/449-4900. Please do not contact the Court or DHB.

- 3 -

## I. NOTICE OF HEARING ON PROPOSED SETTLEMENT

A settlement hearing (the "Settlement Hearing") will be held on _____, 2007, at

_____ __.m., before the Honorable Joanna Seybert, United States District Judge, at the Alfonse M.

D'Amato Federal Building, United States District Court, 100 Federal Plaza, Central Islip, New York

11722-4438. The purpose of the Settlement Hearing will be to determine: (1) whether the

Settlement consisting of $34,900,000 in cash (plus accrued interest) and 3,184,713 shares of DHB

common stock should be approved as fair, reasonable and adequate to Members of the Class (as

defined below); (2) whether the proposed plan to distribute the settlement proceeds (the "Plan of

Allocation") is fair, reasonable, and adequate; (3) whether the application by Class Plaintiffs'

Counsel for an award of attorneys' fees and reimbursement of expenses and the Class Plaintiffs'

request for reimbursement of their time and expenses should be approved; and (4) whether the Class

Action should be dismissed with prejudice and the Defendants released from all Released Class

Claims against them. The Court may adjourn or continue the Settlement Hearing or modify any

dates set forth herein without further notice to the Class.

## II. DEFINITIONS

1.   "Authorized Claimant" means any Class Member whose claim for recovery has been

allowed pursuant to the terms of the Stipulation.

2.   "Claims" means any and all claims, demands, rights, liabilities, damages and causes

of action of every nature and description whatsoever, known or unknown, whether or not concealed

or hidden, including, without limitation, "Unknown Claims" (as defined below) and claims for

negligence, gross negligence, breach of fiduciary duty, breach of duty of care, breach of duty of

loyalty, waste, insider trading, unjust enrichment, abuse of control, mismanagement, fraud, and

violations of any local, state or federal statutes, rules, regulations or common law.

- 4 -

3.      "Class" means all Persons who purchased or otherwise acquired (including by exchange, conversion or otherwise) the publicly traded securities of DHB (including puts, calls and other securities) on or after November 18, 2003 until and including November 30, 2006, and were allegedly damaged thereby. Excluded from the Class are the Defendants and Persons related to the Defendants, including any subsidiaries or affiliates of DHB; the officers and directors of DHB during the Class Period; members of the individual Defendants' immediate families; any person, firm, trust, officer, director or any individual or entity in which any Defendant has a controlling interest or which is related to, or affiliated with, any of the Defendants; and the legal representatives, agents, affiliates, heirs, successors in interest or assigns of any such excluded person or entity. Also excluded from the Class are those Persons who timely and validly request to be excluded from the Class pursuant to this Notice.

4.      "Class Defendants" means DHB, David H. Brooks, Terry Brooks, David Brooks International Inc., Andrew Brooks Industries Inc. (sued as Andrew Brooks International Inc.), Elizabeth Brooks Industries Inc. (sued as Elizabeth Brooks International Inc.), Sandra Hatfield, Dawn M. Schlegel, Cary Chasin, Jerome Krantz, Gary Nadelman and Barry Berkman.

5.      "Class Member" or "Member of the Class" means a Person who falls within the definition of the Class as set forth in ¶3 above.

6.      "Class Period" means the period commencing on November 18, 2003 through and including November 30, 2006.

7.      "Class Plaintiffs' Counsel" means Keith F. Park, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, Samuel H. Rudman, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 58 South Service Road, Suite 200,

- 5 -

Melville, NY 11747, and Lynda J. Grant, Labaton Sucharow & Rudoff LLP, 100 Park Avenue, 12th Floor, New York, NY 10017.

8.    "Current DHB Shareholders" means any Person(s) who owned DHB common stock as of November 30, 2006.

9.    "Defendants" means the Class Defendants and the Derivative Defendants.

10.   "Derivative Defendants" means nominal defendant DHB, David H. Brooks, Sandra Hatfield, Dawn M. Schlegel, Jerome Krantz, Gary Nadelman, Cary Chasin, Barry Berkman, Larry Ellis, Tactical Armor Products, Inc., David Brooks International Inc., Andrew Brooks Industries Inc. (sued as Andrew Brooks International Inc.), Elizabeth Brooks Industries Inc. (sued as Elizabeth Brooks International Inc.), Terry Brooks and Jeffrey Brooks.

11.   "Derivative Plaintiff" means Alvin Viray.

12.   "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation shall have been met and have occurred, unless one or more of such conditions is waived or modified in writing and signed by Class Plaintiffs' Counsel, Derivative Counsel, and counsel for each of the Defendants.

13.   "Judgments" means the final judgments to be rendered by the Court in the Actions, substantially in the forms attached as Exhibits D and E to the Stipulation.

14.   "Non-Released Claims" means all of DHB's obligations to David H. Brooks and to all of the other Defendants to whom DHB has indemnification obligations, of and for indemnification and reimbursement for fees, expenses and liabilities, as provided for in DHB's Articles of Incorporation and By-Laws, in the laws of Delaware, and in this Stipulation, as the latter is approved by the Court, all of which shall remain in full force and effect, and David H. Brooks' undertaking to DHB, regarding his indemnification by DHB, and the undertakings of the other

- 6 -

Defendants to whom DHB has indemnification obligations, shall also remain in full force and effect.
"Non-Released Claims" shall also include any and all obligations of any Defendant to any other
Defendant under any existing contract or agreement between or among them, including, without
limitation, any agreement entered into in connection with the Settlement.

15.     "Person" means an individual, corporation, limited liability corporation, professional
corporation, limited liability partnership, partnership, limited partnership, association, joint stock
company, joint venture, estate, legal representative, trust, unincorporated association, government or
any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs,
predecessors, successors, representatives, and assignees.

16.     "Related Persons" means each of a Defendant's present and former parents,
subsidiaries, affiliates, divisions, joint ventures, joint venturers, and his, her or its present and former
officers, directors, employees, agents, representatives, attorneys, insurers, excess insurers, advisors,
investment advisors, auditors, accountants, spouses and immediate family members, and the
predecessors, heirs, successors and assigns of any of them, and any Person in which any Related
Person has or had a controlling interest or which is or was related to or affiliated with any Related
Person, and any trust of which any Defendant is the settler or which is for the benefit of any
Defendant and/or a member(s) of a Defendant's family. Stockbrokers in their capacity as such are
excluded from this definition.

17.     "Released Class Claims" means any and all Claims arising from either the purchase
or other acquisition (including by an exchange, conversion or otherwise) of any publicly-traded
securities of DHB, including, without limitation, put and call options thereon, during the Class
Period and based on any facts, transactions, events, occurrences, acts, disclosures, statements,
omissions or failures to act that were or could have been asserted by the Lead Plaintiffs or any Class

- 7 -

Member in the Class Action, in a direct, indirect, representative, derivative or other capacity against the Released Class Persons, or any of them.

18. "Released Class Persons" means the Class Defendants and each of them, and each of their respective Related Persons in their capacities as such.

19. "Released Derivative Claims" means any and all Claims based on any facts, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act that were or could have been asserted by the Derivative Plaintiff on behalf of DHB, or by DHB on its own behalf, or by any Current DHB Shareholder in the Derivative Action, in a direct, indirect, representative, derivative or other capacity against the Released Derivative Persons, or any of them. In addition, Released Derivative Claims includes, without limitation, a release by DHB of David H. Brooks and Dawn M. Schlegel, and each of them, from any and all liability under §304 of the Sarbanes-Oxley Act of 2002 to reimburse DHB for any bonus or other incentive-based or equity based compensation received by them or either of them, or for any profits realized by them or either of them from the sale of any securities of DHB.

20. "Released Derivative Persons" means the Derivative Defendants, and each of them, and each of their respective Related Persons in their capacities as such.

21. "Released Persons" means, collectively, the Released Class Persons and the Released Derivative Persons.

22. "Settlement Fund" means the principal amount of Thirty-Five Million Two Hundred Thousand Dollars ($35,200,000) plus 3,184,713 shares of DHB common stock.

23. "Settling Parties" means, collectively, each of the Defendants, and the Class Plaintiffs and the Derivative Plaintiff on behalf of, respectively, themselves, the Members of the Class, the Current DHB Shareholders and derivatively on behalf of DHB.

- 8 -

24.   "Unknown Claims" means any Released Class Claims or any Released Derivative Claims which any Class Plaintiff or Class Member (as to Released Class Claims), and/or the Derivative Plaintiff, any Current DHB Shareholder, or DHB (as to Released Derivative Claims), respectively, does not know of or suspect to exist in his, her or its favor at the time of the release of the Released Class Persons and/or the Released Derivative Persons which, if known by him, her or it, might have affected his, her or its settlement with, and release of, the Released Class Persons and/or Released Derivative Persons, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Class Claims and Released Derivative Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Class Plaintiffs, the Derivative Plaintiff and DHB, and each of the Class Members and the Current DHB Shareholders, shall be deemed to have, and by operation of the Judgments shall have, waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The Class Plaintiffs, the Derivative Plaintiff and DHB, and each of the Class Members and the Current DHB Shareholders, shall be deemed to have, and by operation of the Judgments shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code §1542. Each of the Class Plaintiffs, the Derivative Plaintiff, the Class Members, DHB, and the Current DHB Shareholders, may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Released Class Claims or Released Derivative Claims, but each Class Plaintiff, Derivative Plaintiff and DHB, and each of the Class Members and the Current DHB Shareholders, upon the Effective Date, shall be deemed to have, and by operation of the Judgments shall have, fully, finally, and

- 9 -

forever settled and released any and all Released Class Claims and Released Derivative Claims, respectively, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Plaintiffs, the Derivative Plaintiff, DHB, and the Class Members and the Current DHB Shareholders, shall be deemed by operation of the Judgments to have acknowledged that the foregoing waivers were separately bargained for and are key elements of the Settlement of which this release is a part.

## III.    THE CLASS ACTIONS AND THE DERIVATIVE ACTIONS

On and after September 9, 2005, multiple actions were filed in the Court as class actions on behalf of persons who purchased the publicly traded shares of DHB alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§78(j)(b) and 78(t). The complaints made allegations that DHB's stock price was artificially inflated by the dissemination of materially false and misleading statements about the quality of DHB's products, its government contracts, and the value of its inventory which resulted in significant damage to class members when the truth was revealed. On January 31, 2006, the Court consolidated the class actions filed as *In re DHB Industries, Inc. Sec. Litig.*, No. CV 05-4296(JS)(ETB) and appointed RS Holdings, NECA-IBEW Pension Fund (the "Decatur Group") and George Baciu as Lead Plaintiffs (the "Class Plaintiffs") pursuant to provisions of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and approved the Class Plaintiffs' choice of Lerach Coughlin Stoia Geller Rudman & Robbins LLP and Labaton Sucharow & Rudoff LLP as Lead Counsel ("Class Plaintiffs' Counsel"). On _____, 2007, the Court certified a Class for settlement purposes only. The Class is defined at §II.3, above.

- 10 -

On and after September 14, 2005, multiple actions were filed in the Court as derivative actions on behalf of DHB. The complaints in the derivative actions generally allege causes of action for breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment. On January 31, 2006, the Court consolidated the derivative actions filed as *In re DHB Industries, Inc. Derivative Litigation*, No. CV 05-4345(JS)(ETB) and appointed Robbins Umeda & Fink, LLP and Law Offices of Thomas G. Amon as Co-Lead Counsel in the Derivative Action.

The Class Action is being settled contemporaneously with the Derivative Action (collectively, the "Actions"). Approval of the Settlement of the Class Action is a condition to the effectiveness of the Settlement of the Derivative Action, and vice versa. A separate "Notice of Pendency and Settlement of Derivative Action" is being sent to the Current DHB Shareholders, contemporaneously herewith.

## IV.   CLAIMS OF THE CLASS PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Class Plaintiffs believe that the claims asserted in the Class Action have merit. However, Class Plaintiffs and Class Plaintiffs' Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Class Action against the Class Defendants through trial and appeal. Class Plaintiffs and Class Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Class Action, as well as the difficulties and delays inherent in such litigation. Class Plaintiffs and Class Plaintiffs' Counsel also are mindful of the inherent problems of proof of, and possible defenses to, the violations asserted in the Class Action. Class Plaintiffs and Class Plaintiffs' Counsel believe that the Settlement set forth in the Stipulation confers substantial benefits upon and is in the best interests of the Class and each of the Members of the Class.

- 11 -

## V.    DEFENDANTS' STATEMENT AND DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Class Plaintiffs in the Class Action.  The Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them or any of them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Class Action.  The Defendants also have denied and continue to deny, *inter alia*, the allegations that the Class Plaintiffs or Class Members have suffered any damage, that the price of DHB securities was artificially inflated by reason of alleged misrepresentations, non-disclosures or otherwise, or that the Class Plaintiffs or the Class Members were harmed by any of the conduct alleged in the Class Action.

Nonetheless, the Defendants have concluded that further conduct of the Class Action would be protracted, expensive, and distracting to DHB and its management and that it is desirable that the Class Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  The Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Class Action.  The Defendants have, therefore, determined that it is desirable that the Class Action be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## VI.    TERMS OF THE PROPOSED SETTLEMENT

The Class Action Settlement Fund consists of $34.9 million in cash and 3,184,713 shares of DHB common stock.  Approximately $12.9 million of the cash portion of the Class Action Settlement Fund has been funded by DHB's directors' and officers' liability insurers.  Pursuant to buyouts of DHB's insurance policies, DHB's primary carrier paid $4,291,666 in full satisfaction of its $5 million of insurance obligations, and DHB's excess carrier paid $8,583,333 in full satisfaction

- 12 -

of its $10 million of insurance obligations. The balance of the cash portion of the Class Action Settlement Fund was generated through two stock transactions between Defendant David H. Brooks and DHB in which Mr. Brooks purchased DHB stock. The money received from Mr. Brooks in these transactions was used to fund the Settlement.

First, Mr. Brooks exercised a warrant for 3,000,000 shares of DHB common stock at a price that was above both the exercise price of the warrant and the market price of DHB's common stock at the time, in mid-July, 2006, when the parties' agreed in principle to settle. Mr. Brooks paid two and one-half times the warrant exercise price ($2.50 per share rather than $1.00 a share), and DHB accelerated the vesting of the warrant. In the event the Settlement is not approved, DHB will have to pay to Mr. Brooks the additional $1.50 per share extra ($4.5 million in total) that Mr. Brooks paid to exercise the warrant for the purpose of effectuating the Settlement. Second, in a private placement transaction, Mr. Brooks purchased an additional 3,007,099 shares of DHB common stock from the Company (again, at above the market price of the stock at that time). In the event the Settlement is not approved, Mr. Brooks has the right to sell back to DHB some or all of these shares of common stock at the price he paid for them, $4.93 per share.

All of the shares of DHB common stock that Mr. Brooks received by exercising the warrant and purchased in the private placement are unregistered, which means that there are restrictions on his ability to sell them. DHB is obligated to register the shares after such time as it becomes current in its filing obligations under the Security Exchange Act § 1934, as amended.

A portion of the settlement proceeds will be used for certain administrative expenses, including costs of printing and mailing notice of the Settlement, the cost of publishing a newspaper notice, payment of any taxes assessed against the Class Action Settlement Fund and costs associated with the processing of claims submitted. In addition, as explained below, a portion of the Class

- 13 -

Action Settlement Fund may be awarded by the Court to Class Plaintiffs' Counsel as attorneys' fees and for reimbursement of out-of-pocket expenses. The balance of the Class Action Settlement Fund (the "Net Settlement Fund") will be distributed according to the Plan of Allocation described below to the Class Members in the Class who submit valid and timely Proof of Claim and Release forms.

In addition to the Class Action Settlement Fund, DHB, through its Board of Directors, shall adopt the corporate governance provisions set forth below. The corporate governance provisions set forth below were jointly developed and negotiated by the Class Plaintiffs, the Derivative Plaintiff and Counsel in the Class Action and Counsel in the Derivative Action.

DHB shall adopt the following Corporate Governance Principles and Policies no later than the Effective Date of the Settlement, or as soon as practicable thereafter, and shall maintain the same in effect for at least two years. Nothing in these Principles and Policies shall dilute any existing or future legal requirements to which DHB is subject as a public corporation or as a publicly-traded stock on any national listing.

## CORPORATE GOVERNANCE PRINCIPLES AND POLICIES

### A.    THE ROLE OF THE BOARD OF DIRECTORS

#### 1.    Direct the Affairs of DHB Industries Inc. (the "Company") for the Benefit of Stockholders

The primary responsibility of directors is to oversee the affairs of the Company for the benefit of stockholders. The Board of Directors (the "Board") agrees that day-to-day management of the Company is the responsibility of management and that the role of the Board is to oversee management's performance of that function. The Board shall also mandate and administer a corporate compliance program, which shall include the creation of a Company Code of Business and Ethics, the maintenance of accounting, financial and other controls, and the review of the adequacy of such controls.

#### 2.    Long Range Strategy Development

Long range strategic issues should be discussed as a matter of course at regular Board meetings. The Board may choose to devote one of its regularly scheduled meetings exclusively to strategic planning.

- 14 -

### 3.   Review of Financial Goals and Performance

The Board reviews the annual operating plan and specific goals at the start of the fiscal year and financial performance quarterly (actual and in comparison to plan). The Board also believes it is important to establish and evaluate both short and long term objectives.

### 4.   Ethical Business Environment

The Board insists on an ethical business environment that focuses on adherence to both the letter and the spirit of regulatory and legal mandates. The Board expects that management will conduct operations in a manner supportive of this view. The Board is committed to avoiding any transactions that compromise, or appear to compromise, director independence. The Company shall prepare for the Board's review and approval a Code of Business Conduct and Ethics, and shall receive periodic reports from the Company's General Counsel with respect to such Code.

### 5.   Chairman and Chief Executive Officer Performance Evaluation

The Chairman and Chief Executive Officer's performance should be evaluated annually and as a regular part of any decision with respect to their respective compensation. The Board shall delegate the performance and compensation evaluation as it deems appropriate to specified Board members or to the Compensation Committee of the Board. Notwithstanding such delegation, however, the Board as a whole shall be responsible for the oversight of the Chairman, Chief Executive Officer and senior management. The offices of the Chairman and the Chief Executive Officer may be from time to time combined and may be from time to time separated. The Board has discretion in combining or separating the positions as it deems appropriate in light of prevailing circumstances.

### 6.   Succession Planning

The Board is responsible for succession planning. The Board will have the Chairman and Chief Executive Officer annually review with the independent directors the abilities of the key senior managers and their likely successors. Additionally, the independent directors may meet periodically to discuss, among other things, management succession issues. As part of the succession and development process, the Board, or at the Board's direction, the Compensation Committee, will familiarize itself with the Chairman's and Chief Executive Officer's direct reports through periodic management and operating reports and meetings. The independent directors shall call a meeting upon any sudden temporary or permanent incapacity of the Chairman or Chief Executive Officer.

### 7.   Material Transactions

The Board shall evaluate and, if appropriate, approve all material Company transactions not arising in the ordinary course of business.

### 8.     Stockholder Communications; Attendance at Annual Stockholders Meetings

The Board shall establish procedures to allow for stockholders to communicate directly with the Board, the non-management directors, and the committees of the Board. To further facilitate stockholder communication with the Board, all directors are encouraged to attend the Company's Annual Meeting of Stockholders.

### 9.     Governing Documents

In the event of any conflict between the Company's Certificate of Incorporation, By-laws and these Principles and Policies, the Certificate shall first govern and next the By-law and then these Principles and Policies, in that order.

### B.     MEETINGS OF THE BOARD OF DIRECTORS

### 1.     Selection of Chairman of the Board

The Chairman of the Board shall be selected by the Board. The Chairman will be elected annually and shall serve at the pleasure of the Board.

### 2.     Frequency of Meetings

The Board will regularly meet at least one time each quarter and one quarterly meeting may be in conjunction with the annual meeting of stockholders. An annual calendar for the succeeding year will be agreed upon from time to time. Special meetings may be called as necessary.

While the Board recognizes that directors discharge their duties in a variety of ways, including personal meetings and telephone contact with management and others regarding the business and affairs of the Company, the Board shall inform its members that it feels it is the responsibility of individual directors to make themselves available to attend both regular and special Board and committee meetings on a consistent basis. Active attendance at meetings shall be taken into account in the determination whether to nominate for reelection any director.

### 3.     Meetings of Independent Directors

Independent directors should meet routinely and regularly without management as they deem appropriate in their discretion, and should meet at any time upon the request of any director.

### 4.     Access to Management and Outside Experts

Board members shall have reasonable direct access to the Chairman, Chief Executive Officer, Chief Operating Officer and General Counsel, in their discretion. The Board shall have access to other members of senior management on a case by

case basis after a courtesy call to the Chairman or Chief Executive Officer. Upon prior notice to the Chairman and/or General Counsel, the Board or a Board committee may seek legal or other expert advice from a source independent of management. Board members will use judgment to ensure that contact with management is not distracting to the business operation of the Company and that such contact, if in writing, be copied to the Chairman, Chief Executive Officer and General Counsel.

**5.    Attendance of Non-Directors at Meetings**

The Chairman and the Chief Executive Officer shall have discretion to invite any members of management, other Company employees or third parties they deem appropriate to attend Board meetings at appropriate times, subject to the Board's right to request that such attendance be limited or discontinued. The Board shall have the authority to request non-management guests to sign a confidentiality agreement in form satisfactory to the General Counsel prior to such guest's participation in any Board or committee meeting. The Board and committees may exclude any guest from part or all of any meeting upon its determination that it is in the best interests of the Company to do so.

**6.    Agendas and Presentations**

The Board shall indicate it believes the Chairman and Chief Executive Officer are jointly responsible, and should establish, the agenda for each Board meeting, taking into account suggestions of Board members. Board members may include particular items on the agenda by contacting the Chairman and the Chief Executive Officer and the Chairman and Chief Executive Officer are expected to ask directors for their suggestions or opinions on possible agenda items before each meeting.

As with the agenda, the Board shall indicate it believes that the Chairman and Chief Executive Officer should determine the form of each presentation to the Board and the person to make such presentation. Each meeting should include reports from the Board committees, as appropriate.

It shall be the policy of the Board that the Chief Executive Officer or Chief Financial Officer will give a presentation on the financial and operating results of the Company and related issues at each Board meeting.

**7.    Information Flow**

The Board shall receive salient information helpful in understanding the presentations, discussions and issues to be covered at such meeting, in writing and sufficiently in advance of such meeting to permit appropriate review. Where appropriate, longer and more complex documents shall contain executive summaries. Absent unusual circumstances, in no event will such information be distributed less than three days in advance of any regular Board meeting and 24 hours in advance of any special meeting.

- 17 -

The Board shall periodically review the information flow to Board members to ensure that directors receive the right kind and amount of information from management in sufficient time to prepare for meetings. The Chairman or Chief Executive Officer, or their designee, shall coordinate the information flow to the directors, periodically discuss director satisfaction with Board materials with individual directors and encourage directors to offer suggestions on materials. In addition, this topic shall be considered annually by the independent directors as part of its regular review of Board performance.

### 8.    Additional Service

From time to time the Company may request the services of a Board member other than in his or her capacity as a director. In such situations, before assigning any task to a Board member that would require additional compensation, the Chairman, Chief Executive Officer or General Counsel shall first review such assignment with the Compensation Committee. Any Board member requested to perform services by the Company that he or she believes do not lie within his or her capacity as a director, shall inform the Compensation Committee prior to accepting such assignment. Any such engagement will be consistent with the independence requirements of the American Stock Exchange.

## C.    BOARD STRUCTURE

### 1.    Composition of Board

The majority of the members of the Board shall be independent directors. Independent directors should have appropriate skills and characteristics required of Board members. This assessment should include issues of diversity, age and skills, all in the context of an assessment of the perceived needs of the Board at that point in time. Unless otherwise determined by a majority of the independent directors, all independent directors shall offer their resignation as a matter of course upon a change in employer or other significant changes in their professional roles or responsibilities that might reasonably be seen to affect their ability to serve, and the Board shall consider the appropriateness of continued service in light of such changes. Any such resignation shall be communicated to the Chairman or Chief Executive Officer and may be considered by the Board or by the independent directors.

The Chairman, Chief Executive Officer, and any other directors other than independent directors, shall offer his or her resignation from the Board as a matter of course upon resignation or any other significant change in his or her professional roles or responsibilities, unless otherwise provided in such individual's employment, consulting or other agreement with the Company.

Any resignation submitted as a matter of course shall be reviewed by the Board as a whole or at the Board's direction the independent directors, and, if the Board or such independent directors determines that such director continues to

contribute significantly to the Company, the director's membership on the Board may continue.

To the extent that they serve on DHB's Board of Directors at the time of the Effective Date of the settlement, Cary Chasin, Gary Nadelman and Barry Berkman shall be replaced as Board members within one year. Upon cessation of employment and/or service on the Board of Directors, David H. Brooks, Terry Brooks, Dawn Schlegel, Sandra Hatfield, Cary Chasin, Jerome Krantz, Gary Nadelman, Barry Berkman and Jeffrey Brooks will be barred for a period of 5 years from any employment (direct or indirect) at DHB or any of its subsidiaries or affiliates (but not including Tactical Armor Products, Inc., if the same may be deemed to be such an affiliate), including, but not limited to, serving as any manner of consultant or in any capacity on or in service to the Board of Directors.

## 2.    Definition of Independent Director

The Board of Directors defines an "independent director" as a director who, in the opinion of the Board, meets the independence requirements of the American Stock Exchange or other market or exchange on which the Company's stock may be listed. To evaluate "independence," the Board may consider all relevant factors. The Board recognizes that director independence is an issue that is actively being reviewed by multiple constituencies and may amend its criteria for determining what constitutes an "independent director" to reflect changing standards.

## 3.    Size of the Board

The Board acknowledges that it should not be too large and understands that the size of the Board will fluctuate from time to time depending on circumstances. The independent directors will make recommendations regarding increasing or decreasing size from time to time.

## 4.    Director Retirement Age and Term Limits

The Board believes that consistent quality in the directorship can be achieved effectively without term limits or any mandatory retirement age. However, each director shall stand for election or re-election annually and serve a one-year term.

## 5.    Director Appointments

A majority of the independent directors shall nominate candidates for election to the Board. It is the independent directors' responsibility to make director recommendations to the full Board for appointments to fill vacancies of any unexpired term on the Board and to recommend nominees for submission to stockholders for approval at the time of the Annual Meeting.

The Company does not set specific criteria for directors except to the extent required to meet applicable legal, regulatory and exchange requirements. The Board shall seek candidates that show evidence of leadership in their particular field, have

broad experience and the ability to exercise sound business judgment, have specific knowledge about the Company's business and be able to network in a way to promote the Company's interests.

### 6.    Director Evaluation

The independent directors shall prepare, for the Board's review and approval, Board and director assessment methods and criteria, taking the Chairman's and Chief Executive Officer's views into consideration. The independent directors shall annually evaluate the Board's overall performance and evaluate individual directors performance using the Board approved methods and criteria for such review.

### 7.    Director Compensation and Stock Ownership

The Board believes that the level of director compensation generally should be competitive with that paid to directors of other corporations of similar size and profile in the United States. The Compensation Committee is responsible for making recommendations for the full Board's review and approval with respect to director compensation and benefit programs.

### 8.    Interlocking Directorates

All directors shall seek approval from the independent directors prior to accepting any other board memberships in for-profit companies to avoid legally impermissible interlocking directorships or other conflicts of interest; provided that no director shall serve on more than four (4) outside public boards of for-profit companies. Similarly, the Chairman, Chief Executive Officer and other members of management shall seek approval of the Board prior to accepting outside board memberships in for-profit companies.

## D.    COMMITTEES OF THE BOARD

### 1.    Number and Types of Committees

The Board shall create and disband committees depending on the particular interests of the Board, issues facing the Company and legal requirements. The current "standing" committees of the Board (that is, committees expected to operate over an extended period) are the Audit Committee, the Compensation Committee, and the Corporate Governance Committee. Each Committee shall be comprised solely of Independent Directors, as described in §C.2. The independent directors shall periodically recommend changes to the composition of the Board committees. Directors shall be free to make suggestions regarding committees at any time and are encouraged to do so. The Board shall consider from time to time the committee structure as part of the review of overall Board effectiveness. The composition, members and responsibilities will also be defined periodically by the Board.

- 20 -

## 2.     Assignment and Rotation of Committee Members

The Board shall make assignments within the following guidelines: assignments may be rotated periodically, though not necessarily within any specified time frame; all shall be comprised solely of independent directors; and committee assignments must comply with any applicable stock exchange and legal requirements. The Chairman of the Audit Committee and other Audit Committee members shall meet the financial sophistication and independence requirements of the American Stock Exchange and applicable law.

## 3.     Frequency of Committee Meetings

Management will generally recommend an annual committee meeting schedule for all standing committees, but it shall be the responsibility of committee chairpersons, in consultation with committee members, to determine the frequency and length of committee meetings.  The Audit Committee will meet at least quarterly; other committees will meet at least twice annually.

## 4.     Committee Agendas

Committee chairpersons, in consultation with appropriate members of management and committee members, shall determine committee agendas. Any director may suggest an item for consideration as part of any committee agenda. The Chief Financial Officer will act as the primary management liaison to provide committees requested financial data and analyses. The General Counsel will act as the management liaison to assemble and distribute agendas and facilitate minutes and reports preparation.

## 5.     Committee Reports

Reports of committee meetings are submitted to the full Board following each committee meeting. Committee actions shall be binding consistent with such Committee's charter and applicable corporate law. Committee chairpersons shall be offered the opportunity to comment or report on committee activities at each Board meeting.

## 6.     Specific Roles and Responsibilities

The specific roles and responsibilities of each committee shall be outlined in their respective charters.

In addition to the foregoing, as additional consideration for the Settlement, David H. Brooks has voluntarily resigned from the Board of Directors of DHB and from all of the other positions held by him in DHB and its subsidiaries.  In addition, to the extent that they serve on DHB's Board of Directors at the time of the Effective Date of the Settlement, Cary Chasin, Gary Nadelman and Barry

- 21 -

Berkman shall be replaced as Board members within one year thereafter. Also, upon cessation of employment and/or service on the Board of Directors, and for a period of five years thereafter, David H. Brooks, Dawn Schlegel, Sandra Hatfield, Cary Chasin, Jerome Krantz, Gary Nadelman and Barry Berkman will not be employed (directly or indirectly) by DHB or any of its subsidiaries or affiliates (but not including Tactical Armor Products, Inc., if the same may be deemed to be such an affiliate), including, but not limited to, serving as any manner of consultant or in any capacity on or in service to the Board of Directors. This same restriction on employment shall apply to Terry Brooks and Jeffrey Brooks, commencing as of the Effective Date.

## VII.   PLAN OF ALLOCATION

The Net Settlement Fund will be distributed to Class Members who submit valid and timely Proof of Claim and Release forms ("Authorized Claimants") under the Plan of Allocation described here. You will be eligible to participate in the distribution of the Net Settlement Fund only if you have a net loss on all transactions in DHB securities.

To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's claim, as defined below. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's claim bears to the total of the claims of all Authorized Claimants. Payment in this manner shall be deemed conclusive against all Authorized Claimants.

A "Claim" will be calculated as follows:

### *COMMON STOCK*

1.      For shares of DHB common stock purchased from November 18, 2003 through March 16, 2005, and

- 22 -

      (a)     sold prior to March 17, 2005, the claim per share is $0;

      (b)     sold between March 17, 2005 through April 14, 2005, the claim per share is $1.49 (March 17, 2005 price decline);

      (c)     sold between April 15, 2005 through July 28, 2005, the claim per share is $2.20 (March 17, 2005 and April 15, 2005 price declines);

      (d)     sold between July 29, 2005 through August 29, 2005, the claim per share is $3.25 (March 17, 2005, April 15, 2005 and July 29, 2005 price declines);

      (e)     sold between August 30, 2005 through November 30, 2006, or retained at the end of November 30, 2006, the claim per share is $4.81 (March 17, 2005, April 15, 2005, July 29, 2005 and August 30, 2005 price declines).

    2.     For shares of DHB common stock purchased between March 17, 2005 through April 14, 2005, and

      (a)     sold prior to April 15, 2005, the claim per share is $0;

      (b)     sold between April 15, 2005 through July 28, 2005, the claim per share is $0.71 (April 15, 2005 price decline);

      (c)     sold between July 29, 2005 through August 29, 2005, the claim per share is $1.76 (April 15, 2005 and July 29, 2005 price declines);

      (d)     sold between August 30, 2005 through November 30, 2006, or retained at the end of November 30, 2006, the claim per share is $3.32 (April 15, 2005, July 29, 2005 and August 30, 2005 price declines).

    3.     For shares of DHB common stock purchased between April 15, 2005 through July 28, 2005, and

      (a)     sold prior to July 29, 2005, the claim per share is $0;

- 23 -

(b)    sold between July 29, 2005 through August 29, 2005, the claim per share is $1.05 (July 29, 2005 price decline);

(c)    sold between August 30, 2005 through November 30, 2006, or retained at the end of November 30, 2006, the claim per share is $2.61 (July 29, 2005 and August 30, 2005 price declines).

4.    For shares of DHB common stock purchased between July 29, 2005 through August 29, 2005, and

(a)    sold prior to August 30, 2005, the claim per share is $0;

(b)    sold between August 30, 2005 through November 30, 2006, or retained at the end of November 30, 2006, the claim per share is $1.56 (August 30, 2005 price decline).

5.    For shares of DHB common stock purchased between August 30, 2005 and November 30, 2006, and

(a)    sold prior to December 1, 2006, the claim per share shall be 10% of the difference between the purchase price per share less the sales price per share;

(b)    retained at the end of November 30, 2006, the claim per share shall be 10% of the difference between the purchase price per share less $2.65 (closing price on December 1, 2006).

### *CALL OPTIONS*

1.    For call options on DHB common stock purchased between November 18, 2003 through November 30, 2006, and

(a)    owned at the end of one of the following dates: March 16, 2005, April 14, 2005, July 28, 2005, or August 29, 2005 the claim per call option is the difference between the price paid for the call option less the proceeds received upon the settlement of the call option contract;

- 24 -

       (b)    not owned at the end of one of the following dates: March 16, 2005, April 14, 2005, July 28, 2005, or August 29, 2005, the claim per call option is $0.

     2.    For call options on DHB common stock written between November 18, 2003 through November 30, 2006, the claim per call option is $0.

### PUT OPTIONS

     1.    For put options on DHB common stock written between November 18, 2003 through November 30, 2006, and

       (a)    owned at the end of one of the following dates: March 16, 2005, April 14, 2005, July 28, 2005, or August 29, 2005, the claim per put option is the difference between the amount paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract;

       (b)    not owned at the end of one of the following dates: March 16, 2005, April 14, 2005, July 28, 2005, or August 29, 2005, the claim per put option is $0.

     2.    For put options on DHB common stock that were purchased between November 18, 2003 through November 30, 2006, the claim per put option is $0.

If the option was exercised for DHB common stock, the amount paid, or proceeds received, upon the settlement of the option contract equals the intrinsic value of the option using DHB common stock's closing price on the date the option was exercised.

The combined recovery for the call option and put options shall not exceed 3% of the Net Settlement Fund.

For Class Members who held shares at the beginning of the Class Period or made multiple purchases or sales during the Class Period, the first-in, first-out ("FIFO") method will be applied to such holdings, purchases and sales for purposes of calculating a claim. Under the FIFO method,

sales of shares during the Class Period will be matched, in chronological order, first against shares held at the beginning of the Class Period. The remaining sales of shares during the Class Period will then be matched, in chronological order, against shares purchased during the Class Period.

A Class Member will be eligible to receive a distribution from the Net Settlement Fund only if that Class Member had a net loss, after all profits from transactions in DHB common stock, put calls or other options during the Class Period are subtracted from all losses. No distributions to Authorized Claimants who would otherwise receive less than $10.00 will be made.

The Court has reserved jurisdiction to allow, disallow or adjust the claim of any Class Member on equitable grounds.

## VIII. PARTICIPATION IN THE CLASS

If you fall within the definition of the Class, you are a Class Member unless you elect to be excluded from the Class (*see* Section IX. below). If you do not request to be excluded from the Class, you will be bound by any Judgment entered with respect to the Settlement in the Class Action whether or not you submit a Proof of Claim and Release form.

*If you are a Class Member, you need do nothing (other than timely submit a properly filled out Proof of Claim and Release form if you wish to participate in the distribution of the Net Settlement Fund). Your interests will be represented by Class Plaintiffs' Counsel.* If you choose, you may enter an appearance individually or through your own counsel at your own expense.

**TO PARTICIPATE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, YOU MUST TIMELY COMPLETE AND RETURN THE PROOF OF CLAIM AND RELEASE FORM THAT ACCOMPANIES THIS NOTICE.** The Proof of Claim and Release form must be postmarked on or before _____, 2007, and sent to the Claims Administrator at the address below. Unless the Court orders otherwise, if you do not timely submit a valid Proof of

Claim and Release form, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the provisions of the Stipulation and the Judgment.

## IX.    EXCLUSION FROM THE CLASS

You may request to be excluded from the Class. To do so, you must mail a written request stating that you wish to be excluded from the Class to:

> *In re DHB, Inc. Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040

The request for exclusion must state: (1) your name, address, and telephone number; and (2) all purchases and other acquisitions of DHB securities (including common stock, puts, calls and other securities) made during the Class Period, including the dates of purchase or acquisition, the number of shares of such securities purchased or otherwise acquired and the price paid or received per share. YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE _____, 2007, AND, IN ORDER TO BE VALID, MUST CONTAIN ALL OF THE FOREGOING INFORMATION. IF YOU SUBMIT A VALID AND TIMELY REQUEST FOR EXCLUSION, YOU SHALL HAVE NO RIGHTS UNDER THE SETTLEMENT, SHALL NOT SHARE IN THE DISTRIBUTION OF THE NET SETTLEMENT FUND, AND SHALL NOT BE BOUND BY THE STIPULATION OR THE JUDGMENT, AND YOU WILL NOT BE DEEMED TO HAVE RELEASED ANY OF THE DEFENDANTS.

## X.    DISMISSAL AND RELEASES

If the Settlement is approved, the Court will enter a Judgment in the Class Action. The Judgment will dismiss the Released Class Claims (including all Unknown Claims) with prejudice as to all Released Class Persons.

- 27 -

The Judgment will also provide that all Class Members who have not validly and timely requested to be excluded from the Class shall be deemed to have released and forever discharged all Released Class Claims (to the extent Members of the Class have such claims) (including all Unknown Claims) against all Released Class Persons.

In addition, at the Settlement Hearing, the Court will be asked to approve the Settlement reached in the Derivative Action and to thereafter dismiss the Derivative Action with prejudice. The effectiveness of the Settlement of the Class Action is conditioned upon the effectiveness of the Settlement of the Derivative Action, and vice versa.

## XI.    APPLICATION FOR FEES AND EXPENSES

At the Settlement Hearing, Class Plaintiff's Counsel will request the Court to award attorneys' fees not to exceed 25% of the Class Action Settlement Fund, plus reimbursement of the expenses, not to exceed $350,000.00, which were incurred in connection with the Class Action, plus interest thereon. In addition, the Class Plaintiffs in the Class Action may seek compensation of up to $25,000.00 each for their costs and expenses incurred in prosecuting the Class Action. This compensation will be paid from the Class Action Settlement Fund. Class Members are not personally liable for any such fees, expenses or compensation.

To date, Class Plaintiffs' Counsel have not received any payment for their services in conducting the Class Action, nor have counsel been reimbursed for their out-of-pocket expenses incurred. The fees requested are within the range of fees awarded to plaintiffs' counsel under similar circumstances in litigation of this type.

## XII.   CONDITIONS FOR SETTLEMENT

The Settlement is conditioned upon the occurrence of certain events described in the Stipulation. Those events include, among other things: (1) entry of the Judgments by the Court, including a Judgment dismissing the Derivative Action, as provided for in the Stipulation; and

(2) expiration of the time to appeal from or alter or amend the Judgments. If, for any reason, any one of the conditions described in the Stipulation is not met, the Stipulation might be terminated and, if terminated, will become null and void, and the parties to the Stipulation will be restored to their respective positions as of July 12, 2006, before a certain Memorandum of Understanding was executed by the Settling Parties.

## XIII.   THE RIGHT TO BE HEARD AT THE HEARING

Any Class Member who has not validly and timely requested to be excluded from the Class, and who objects to any aspect of the Settlement, the Plan of Allocation, the application for attorneys' fees and expenses, or the Class Plaintiffs' request for cost and expense reimbursement, may appear and be heard at the Settlement Hearing. Any such Person must file a written notice of objection, filed with the Clerk of the Court on or before _____, 2007, and served by hand or first class mail on each of the following no later than _____, 2007:

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> EASTERN DISTRICT OF NEW YORK
> Alfonse M. D'Amato Federal Building
> United States District Court
> 100 Federal Plaza
> Central Islip, NY  11722-4438
>
> Samuel H. Rudman
> LERACH COUGHLIN STOIA GELLER
>    RUDMAN & ROBBINS LLP
> 58 South Service Road, Suite 200
> Melville, NY  11747
>
> William S. Lerach
> Keith F. Park
> Thomas G. Wilhelm
> LERACH COUGHLIN STOIA GELLER
>    RUDMAN & ROBBINS LLP
> 655 West Broadway, Suite 1900
> San Diego, CA  92101

- 29 -

Lynda J. Grant
Nicole M. Zeiss
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue, 12th Floor
New York, NY 10017-5563

Co-Lead Counsel for Plaintiffs

Patrick O'Hara
CAVANAGH & O'HARA
407 East Adams Street
Springfield, IL 62701

Additional Counsel for Plaintiffs

Eric Rieder
David P. Kasakove
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY 10104

Counsel for Defendant DHB Industries, Inc.

George S. Canellos
C. Neil Gray
Daniel M. Perry
Robert C. Hora
MILBANK TWEED HADLEY
    & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413

R. Robert Popeo
John F. Sylvia
MINTZ LEVIN COHN FERRIS
    GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111

Jerome Gotkin
MINTZ LEVIN COHN FERRIS
    GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, NY 10017-4011

Counsel for Defendant David H. Brooks

- 30 -

George S. Canellos
C. Neil Gray
Daniel M. Perry
Robert C. Hora
MILBANK TWEED HADLEY
  &amp; McCLOY LLP
1 Chase Manhattan Plaza
New York, NY  10005-1413

Counsel for Defendants David Brooks International Inc., Andrew Brooks
Industries Inc., sued as Andrew Brooks International Inc., Elizabeth Brooks
Industries Inc., sued as Elizabeth Brooks International Inc.

Roland G. Riopelle
SERCARZ &amp; RIOPELLE, LLP
Carnegie Hall Tower
152 W. 57th Street, Suite 24C
New York, NY  10019

Counsel for Defendant Sandra Hatfield

Steven G. Kobre
KOBRE &amp; KIM LLP
800 Third Avenue
New York, NY  10022

Counsel for Defendant Dawn Schlegel

Mark Holland
Robert G. Houck
Mary K. Dulka
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY  10019

Counsel for Defendants Cary Chasin, Jerome Krantz, Gary Nadelman, and Barry
Berkman

Israel David
FRIED, FRANK, HARRIS, SHRIVER &amp; JACOBSON LLP
One New York Plaza
New York, NY 10004

Counsel for Defendant Terry Brooks

Any such written objection must demonstrate the objecting Person's membership in the Class,

including the number of shares of DHB securities purchased or otherwise acquired during the Class

Period, and contain a statement of the reasons for objection.  Only Class Members who have

submitted written notices of objection in this manner will be entitled to be heard at the Settlement

Hearing, unless the Court orders otherwise.

## XIV.  SPECIAL NOTICE TO NOMINEES

If you, as nominee, hold or held any DHB securities purchased or otherwise acquired

(including by exchange, conversion or otherwise) for a beneficial owner during the Class Period

then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this

Notice and the Proof of Claim and Release by first class mail to all such beneficial owners; or

(2) provide a list of the names and addresses of such beneficial owners to the DHB Claims

Administrator:

> *In re DHB, Inc. Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain

from the DHB Claims Administrator (without cost to you) as many additional copies of these

documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the

mailing performed for you, you may obtain reimbursement for or advancement of reasonable

administrative costs actually incurred or expected to be incurred by you in connection with

forwarding the Notice and Proof of Claim and Release form and which would not have been

incurred but for the obligation to forward the Notice and Proof of Claim and Release form, upon submission of appropriate documentation to the Claims Administrator.

## XV.   EXAMINATION OF PAPERS

This Notice is a summary and does not describe all of the details of the Stipulation. For full details of the matters discussed in this Notice, you may review the Stipulation filed with the Court, which may be inspected during business hours, at the office of the Clerk of the Court, United States District Court, Eastern District of New York, Alfonse M. D'Amato Federal Building, United States District Court, 100 Federal Plaza, Central Islip, NY 11722-4438 or viewed at www.gilardi.com, or at www.lerachlaw.com.

If you have any questions about the Settlement of the Class Action, you may address them to Class Plaintiffs' Counsel at www.lerachlaw.com, or you may address them to Class Plaintiffs' Counsel by writing to:

> Keith F. Park
> Thomas G. Wilhelm
> LERACH COUGHLIN STOIA GELLER
>    RUDMAN & ROBBINS LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> Lynda J. Grant
> Nicole M. Zeiss
> LABATON SUCHAROW & RUDOFF LLP
> 100 Park Avenue, 12th Floor
> New York, NY 10017-5563
>
> Co-Lead Counsel for Plaintiffs

### PLEASE DO NOT CONTACT THE COURT OR DHB REGARDING THIS NOTICE.

DATED: _____          BY ORDER OF THE COURT
                                         UNITED STATES DISTRICT COURT
                                         EASTERN DISTRICT OF NEW YORK

S:\Settlement\DHB Industries 05.set\6-12 Docs for eFile\Notice (B1).doc

- 33 -

**EXHIBIT B-2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | x | |
|---|---|---|
| In re DHB INDUSTRIES, INC. CLASS ACTION LITIGATION | : | Civil Action No. 2:05-cv-04296-JS-ETB |
| | : | CLASS ACTION |
| This Document Relates To: | : | PROOF OF CLAIM AND RELEASE |
| ALL ACTIONS. | : | EXHIBIT B-2 |
| | x | |

## I.    GENERAL INSTRUCTIONS

1.    To recover from the Settlement Fund as a Member of the Class based on the claims in the action entitled *In re DHB, Inc. Securities Litigation*, No. 2:05-cv-04296-JS-ETB (the "Class Action"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release.  If you fail to submit a timely, properly completed and addressed (as set forth in paragraph 3 below) Proof of Claim and Release, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the Settlement of the Class Action.

2.    Submission of this Proof of Claim and Release, however, does not assure that you will share in the Settlement Fund.

3.    **YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE POSTMARKED ON OR BEFORE _____, 2007, ADDRESSED AS FOLLOWS**:

> *In re DHB, Inc. Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA  94912-8040

If you are NOT a Member of the Class (as defined in the Notice of Pendency and Settlement of Class Action) DO NOT submit a Proof of Claim and Release form.

4.    If you are a Member of the Class and you have not timely requested exclusion, you will be bound by the terms of the Judgment entered in the Class Action, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE.

## II.    DEFINITIONS

All other capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Notice of Pendency and Settlement of Class Action ("Notice") which accompanies this Proof of Claim and Release.

- 1 -

## III.   IDENTIFICATION OF CLAIMANT

1.   If you purchased or otherwise acquired (including by exchange, conversion or otherwise) DHB securities (including common stock, puts, calls and other securities) during the Class Period and held the securities in your name, you are the beneficial purchaser or acquirer as well as the record purchaser or acquirer. If, however, you purchased or otherwise acquired DHB securities during the Class Period and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial purchaser or acquirer of these securities, but the third party is the record purchaser or acquirer of these securities.

2.   Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser or acquirer of DHB securities which forms the basis of this claim, as well as the purchaser or acquirer of record if different. THIS CLAIM MUST BE SUBMITTED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR AUTHORIZED ACQUIRER(S) OR LEGAL REPRESENTATIVE(S) OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE DHB SECURITIES UPON WHICH THIS CLAIM IS BASED.

3.   All joint beneficial purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of Persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of one of the beneficial owner(s) may be used in verifying this claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of your claim.

## IV.   IDENTIFICATION OF TRANSACTION(S)

1.   Use Part II of this form entitled "Schedule of Transactions in DHB Securities" to supply all required details of your transaction(s) in DHB securities. If you need more space or

- 2 -

additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to *all* of your holdings of DHB securities as of the beginning of trading on November 18, 2003, *all* of your option transactions open as of the beginning of trading on November 18, 2003, *all* of your purchases , other acquisitions and sales of DHB securities and *all* of your option transactions which took place at any time beginning November 18, 2003 through and including November 30, 2006 (the "Class Period"), as well as proof of your holdings of DHB securities and/or options as of the close of trading on November 30, 2006, whether such purchases, acquisitions, sales or transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.      List each purchase, acquisition, sale and transaction in the Class Period separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each such transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of the DHB security involved. The date of a "short sale" is deemed to be the date of sale of the DHB security involved.

5.      Broker confirmations or other documentation of your purchases, acquisitions, sales or transactions in DHB securities or options should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

*In re DHB, Inc. Sec. Litig.*
No. 2:05-cv-04296-JS-ETB

PROOF OF CLAIM

Must be Postmarked No Later Than:
_____, 2007

Please Type or Print

PART I:      CLAIMANT IDENTIFICATION

_____

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

_____           _____

City                                                            State and Zip Code

_____           _____

Foreign Province                                         Foreign Country

                                                                      _____        Individual

_____
Social Security Number or                             _____        Corporation/Other
Taxpayer Identification Number

_____        _____

Area Code                 Telephone Number (work)

_____        _____

Area Code                 Telephone Number (home)

_____

Record Owner's Name(s) (if different from beneficial owner listed above)

- 4 -

PART II:      SCHEDULE OF TRANSACTIONS IN DHB STOCK OR OPTIONS

    A.      Number of shares of DHB securities held at the beginning of trading on November 18, 2003: _____

    B.      Purchases or other acquisitions, including by way of exchange, conversion or otherwise (November 18, 2003 – November 30, 2006, inclusive) of DHB securities or options:

| Trade Date Month Day Year | Type of Security | Number of Shares or Options Purchased or Acquired | Total Purchase Price |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

IMPORTANT:      Identify by number listed above all purchases in which you covered a "short sale": _____

    C.      Sales (November 18, 2003 – November 30, 2006, inclusive) of DHB securities or options:

| Trade Date Month Day Year | Type of Security | Number of Shares or Options Sold | Total Sales Price |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |

    D.      Number of shares of DHB securities or open options held at close of trading on November 30, 2006: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ THE RELEASE AND SIGN ON PAGE ____.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

- 5 -

**V.    SUBMISSION TO JURISDICTION OF COURT AND
ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim and Release under the terms of the Stipulation and

Agreement of Settlement ("Stipulation") described in the Notice.  I (We) also submit to the

jurisdiction of the United States District Court for the Eastern District of New York with respect to

my (our) claim as a Class Member and for purposes of enforcing the release set forth herein.  I (We)

further acknowledge that I (we) will be bound by and subject to the terms of any Judgment that may

be entered in the Class Action.  I (We) agree to furnish additional information to the Claims

Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim

covering the same purchases, acquisitions or sales or holdings of DHB securities or options during

the Class Period and know of no other Person having done so on my (our) behalf.

**VI.    RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully,

finally and forever settle, release and discharge from the Released Class Claims each and all of the

Released Class Persons as those terms and terms related thereto are defined in the accompanying

Notice.

2.    This release shall be of no force or effect unless and until the Court approves the

Stipulation and the Effective Date (as defined in the Stipulation) has occurred.

3.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or

purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this

release or any other part or portion thereof.

4.    I (We) hereby warrant and represent that I (we) have included information about all

of my (our) purchases, acquisitions, and sales and other transactions in DHB securities and options

which occurred during the Class Period and the number of shares of DHB securities and options held

- 6 -

by me (us) at the beginning of trading on November 18, 2003, and at the close of trading on

November 30, 2006.

      5.      I (We) hereby warrant and represent that I (we) am (are) not excluded from the Class

as defined herein and in the Notice.

## SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number ("TIN") and Certification

PART I

NAME: _____

Check appropriate box:

☐  Individual/Sole Proprietor    ☐  Pension Plan
☐  Corporation   ☐  Partnership   ☐  Trust
☐  IRA    ☐  Other

      Enter TIN on appropriate line.

      For individuals, this is your social security number ("SSN").

      For sole proprietors, you must show your individual name, but you may also enter your business or "doing business as" name.  You may enter either your SSN or your Employer Identification Number ("EIN").

      For other entities, it is your EIN.

__ __ __ - __ __ - __ __ __ __    or    __ __ - __ __ __ __ __ __ __
Social Security Number              Employer Identification Number

PART II

For Payees Exempt from Backup Withholding

If you are exempt from backup withholding, enter your correct TIN in Part I and write "exempt" on the following line: _____.

PART III

Certification

UNDER THE PENALTY OF PERJURY, I (WE) CERTIFY THAT:

1.    The number shown on this form is my correct TIN; and

2.    I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(C) of the Internal Revenue Code because:  (a) I am (we are) exempt from backup withholding; or (b) I (we) have not been notified by the Internal Revenue Service that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the Internal Revenue Service has notified me (us) that I am (we are) no longer subject to backup withholding.

- 8 -

NOTE:    If you have been notified by the Internal Revenue Service that you are subject to backup withholding, you must cross out Item 2 above.

### *SEE* ENCLOSED FORM W-9 INSTRUCTIONS

The Internal Revenue Service does not require your consent to any provision of this document other than the certification required to avoid backup withholding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____,
                                (Month / Year)

in _____, _____.
       (City)                       (State / Country)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser,
Executor or Administrator)

- 9 -

**ACCURATE CLAIMS PROCESSING TAKES A
SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1.   Please sign the above release and declaration.

2.   Remember to attach supporting documentation, if available.

3.   Do not send original or copies of stock certificates.

4.   Keep a copy of your claim form for your records.

5.   If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested.

6.   If you move, please send the Claims Administrator your new address.

S:\Settlement\DHB Industries 05.set\6-12 Docs for eFile\Claim Form (B2).doc

**EXHIBIT B-3**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x
In re DHB INDUSTRIES, INC. CLASS      :    Civil Action No. 2:05-cv-04296-JS-ETB
ACTION LITIGATION                     :
                                      :    CLASS ACTION
                                      :
———————————————————        :
                                      :    SUMMARY NOTICE FOR PUBLICATION
This Document Relates To:             :    OF SETTLEMENT OF CLASS ACTION
                                      :
     ALL ACTIONS.                     :
                                      :    EXHIBIT B-3
———————————————————— x

TO: ALL PERSONS THAT PURCHASED OR OTHERWISE ACQUIRED DHB INDUSTRIES, INC. ("DHB") PUBLICLY TRADED SECURITIES ON OR AFTER NOVEMBER 18, 2003 UNTIL AND INCLUDING NOVEMBER 30, 2006, INCLUSIVE

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Eastern District of New York, that a hearing will be held on _____, 2007, at __:__ __.m., before the Honorable Joanna Seybert, United States District Judge, at the Alfonse M. D'Amato Federal Building, United States District Court, 100 Federal Plaza, Central Islip, New York 11722-4438. The hearing is to consider a settlement of a Class Action brought on behalf of the Class defined above (the "Class Action"). More specifically, the purpose of the hearing is to determine: (1) whether the proposed settlement of the claims in the Class Action for $34.9 million in cash and 3,184,713 shares of DHB common stock (the "Class Action Settlement Fund"), the adoption of certain corporate governance measures and the resignation of certain senior management personnel and certain members of the Board of Directors of DHB should be approved by the Court as fair, reasonable and adequate; (2) whether, thereafter, the Class Action should be dismissed with prejudice; (3) whether the Plan of Allocation of the Class Action Settlement Fund is fair, reasonable and adequate and should be approved; (4) whether the application of Plaintiffs' Counsel for the payment of attorneys' fees and reimbursement of expenses incurred by Plaintiffs' Counsel in connection with the Class Action should be approved; and (5) whether the application for reimbursement of the costs and expenses of the Class Plaintiffs in the Class Action should be approved.

If you purchased or otherwise acquired, whether directly or indirectly, or by an exchange, conversion or otherwise, publicly traded DHB securities during the period beginning November 18, 2003 through and including November 30, 2006, your rights may be affected by the settlement of the Class Action.

- 1 -

If you have not received a detailed Notice of Pendency and Settlement of Class Action and a copy of the Proof of Claim and Release, you may obtain copies of the same by contacting: *In re DHB Inc. Sec. Litig.*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040 or downloading these documents at www.gilardi.com or at www.lerachlaw.com. If you are a Class Member, in order to be eligible to share in the distribution of the Class Action Settlement Fund, you must submit a Proof of Claim and Release no later than _____, 2007, establishing that you are entitled to recovery. You will be bound by any Judgment rendered in the Class Action whether or not you make a claim, unless you request exclusion from the Class.

If you wish to request exclusion from the Class you must do so in writing by _____, 2007 by writing to: In re DHB, Inc. Securities Litigation, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 8040, San Rafael, CA 94912-8040. If you request exclusion from the Class you will not participate in the distribution of the Class Action Settlement Fund and you will not be bound by the Judgment in the Class Action.

Any objection to the settlement must be filed with the Court and served by hand or first class mail on each of the following no later than _____, 2007:

> Clerk of the Court
> UNITED STATES DISTRICT COURT
> EASTERN DISTRICT OF NEW YORK
> Alfonse M. D'Amato Federal Building
> United States District Court
> 100 Federal Plaza
> Central Islip, NY 11722-4438
>
> Samuel H. Rudman
> LERACH COUGHLIN STOIA GELLER
>   RUDMAN & ROBBINS LLP
> 58 South Service Road, Suite 200
> Melville, NY 11747

William S. Lerach
Keith F. Park
Thomas G. Wilhelm
LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101

Lynda J. Grant
Nicole M. Zeiss
LABATON SUCHAROW & RUDOFF LLP
100 Park Avenue, 12th Floor
New York, NY  10017-5563

Co-Lead Counsel for Plaintiffs

Eric Rieder
David P. Kasakove
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, NY  10104

Counsel for Defendant DHB Industries, Inc.

George S. Canellos
C. Neil Gray
Daniel M. Perry
Robert C. Hora
MILBANK TWEED HADLEY
   & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY  10005-1413

R. Robert Popeo
John F. Sylvia
MINTZ LEVIN COHN FERRIS
   GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA  02111

Jerome Gotkin
MINTZ LEVIN COHN FERRIS
   GLOVSKY AND POPEO, P.C.
666 Third Avenue
New York, NY  10017-4011

- 3 -

Counsel for Defendant David H. Brooks

George S. Canellos
C. Neil Gray
Daniel M. Perry
Robert C. Hora
MILBANK TWEED HADLEY
   & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY  10005-1413

Counsel for Defendants David Brooks International Inc., Andrew Brooks
Industries Inc., sued as Andrew Brooks International Inc., Elizabeth Brooks
Industries Inc., sued as Elizabeth Brooks International Inc.

Roland G. Riopelle
SERCARZ & RIOPELLE, LLP
Carnegie Hall Tower
152 W. 57th Street, Suite 24C
New York, NY  10019

Counsel for Defendant Sandra Hatfield

Steven G. Kobre
KOBRE & KIM LLP
800 Third Avenue
New York, NY  10022

Counsel for Defendant Dawn Schlegel

Mark Holland
Robert G. Houck
Mary K. Dulka
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY  10019

Counsel for Defendants Cary Chasin, Jerome Krantz, Gary Nadelman, and Barry
Berkman

Israel David
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP
One New York Plaza
New York, NY 10004

Counsel for Defendant Terry Brooks

- 4 -

**PLEASE DO NOT CONTACT THE COURT OR DHB REGARDING THIS NOTICE.**

DATED: _____, 2007     BY ORDER OF THE COURT
                                  UNITED STATES DISTRICT COURT
                                  DISTRICT OF NEW YORK

S:\Settlement\DHB Industries 05.set\6-12 Docs for eFile\Notice (B3).doc

- 5 -