# EXHIBIT 1 – Part 11

Care Investment Trust Inc. (the "Company") was organized in Maryland on March 19, 2007. Under the Articles of Incorporation, the Company is authorized to issue up to 1,000 shares of common stock. The Company has not commenced operations.

2.     **FORMATION OF THE COMPANY/INITIAL PUBLIC OFFERING**

The Company intends to conduct an initial public offering of common stock. Proceeds from the offering will be used primarily to acquire real estate loans and securities which were initially originated or otherwise held by CIT Healthcare LLC, the Company's manager (hereafter referred to as the "Manager"). The Company will be subject to the risks involved with commercial real estate finance. These include, among others, the risks normally associated with changes in the general economic climate, creditworthiness of borrowers, competition for borrowers, changes in tax laws, interest rate levels, and the availability of financing. The Company intends to qualify as a real estate investment trust ("REIT") under the Internal Revenue Code commencing with its taxable year ending December 31, 2007. In order to maintain its tax status as a REIT, the Company plans to distribute at least 90% of its taxable income.

The sole stockholder of the Company is CIT Real Estate Holding Corporation (the "Founder"). The Founder's initial capital contribution to the Company was $100, made on March 26, 2007.

The Manager is a healthcare finance company that offers a full spectrum of financing solutions and related strategic advisory services to companies across the healthcare industry throughout the United States. The Manager is a subsidiary of CIT Group Inc., a publicly-traded commercial and consumer finance company providing financing and leasing products and services to clients in a wide variety of industries around the world.

3.     **SIGNIFICANT ACCOUNTING POLICIES**

**Use of Estimates**

The preparation of the balance sheet in conformity with accounting principles generally accepted in the United States of America requires management to make estimates and assumptions that affect the reported amounts of assets and liabilities and disclosure of contingent assets and liabilities at the date of the balance sheet. Actual results could differ from those estimates,

**Underwriting Commissions and Costs**

Underwriting commissions and costs to be incurred in connection with the Company's stock offerings will be reflected as a reduction of additional paid-in-capital.

**Organization Costs**

Costs incurred to organize the Company will be expensed as incurred.

F-4

Table of Contents

## PART II

### INFORMATION NOT REQUIRED IN PROSPECTUS

**Item 31.**     **Other Expenses of Issuance and Distribution.**

    The following table sets forth the costs and expenses expected to be incurred in connection with the sale and distribution of the securities being registered, all of which are being borne by the registrant. All amounts except

the SEC registration fee, the NASD filing fee and the NYSE listing Fee are estimates.

| | |
|---|---:|
| SEC registration fee | $ 10,592 |
| NASD filing fee | 35,000 |
| NYSE listing fee | 150,000 |
| Printing and engraving expenses | 80,000 |
| Transfer Agent and Registrar Fees | 20,000 |
| Legal fees and expenses | 850,000 |
| Blue sky fees and expenses | 10,000 |
| Accounting fees and expenses | 175,000 |
| Miscellaneous | 969,408 |
| Total | $ 2,300,000 |

All expenses, except the SEC registration fee, the NASD filing fee and the NYSE listing fee, are estimated.

**Item 32.  Sales to Special Parties**

Not applicable.

**Item 33.  Recent Sales of Unregistered Securities**

On March 26, 2007, the Company issued 100 shares of common stock to CIT Holding in exchange for $100 in cash. Such issuance was exempt from the requirements of the Securities Act pursuant to Section 4(2) thereof.

**Item 34.  Indemnification of Directors and Officers.**

Maryland law permits a Maryland corporation to include in its charter a provision limiting the liability of its directors and officers to the corporation and its stockholders for money damages except for liability resulting from (a) actual receipt of an improper benefit or profit in money, property or services or (b) active and deliberate dishonesty established by a final judgment and which is material to the cause of action. The Company's charter contains such a provision which eliminates directors' and officers' liability to the maximum extent permitted by Maryland law.

The charter authorizes the Company, to the maximum extent permitted by Maryland law, to obligate itself to indemnify any present or former director or officer or any individual who, while a director or officer of the Company and at the request of the Company, serves or has served another corporation, real estate investment trust, partnership, joint venture, trust, employee benefit plan or other enterprise as a director, officer, partner or trustee, from and against any claim or liability to which that person may become subject or which that person may incur by reason of his or her status in any of the foregoing capacities and to pay or reimburse their reasonable expenses in advance of final disposition of a proceeding. The bylaws obligate the Company, to the maximum extent permitted by Maryland law, to indemnify any present or former director or officer or any individual who, while a director of the Company and at the request of the Company, serves or has served another corporation, real estate investment trust, partnership, joint venture, trust, employee benefit plan or other enterprise as a director, officer, partner or trustee and who is made a party to a proceeding by

II-1

Table of Contents

reason of his service in that capacity from and against any claim or liability to which that person may become subject or which that person may incur by reason of his or her status in that capacity and to pay or reimburse their reasonable expenses in advance of final disposition of the proceeding. The charter and bylaws also permit the

Company to indemnify and advance expenses to any person who served a predecessor of the Company in any of the capacities described above and to any employee or agent of the Company or a predecessor of the Company.

Maryland law requires a corporation (unless its charter provides otherwise, which the Company's charter does not) to indemnify a director or officer who has been successful in the defense of any proceeding to which he is made a party by reason of his service in that capacity, or in the defense of any claim, issue or matter in any such proceeding. Maryland law permits a corporation to indemnify its present and former directors and officers, among others, against judgments, penalties, fines, settlements and reasonable expenses actually incurred by them in connection with any proceeding to which they may be made a party by reason of their service in those or other capacities unless it is established that (a) the act or omission of the director or officer was material to the matter giving rise to the proceeding and (i) was committed in bad faith or (ii) was the result of active and deliberate dishonesty, (b) the director or officer actually received an improper personal benefit in money, property or services or (c) in the case of any criminal proceeding, the director or officer had reasonable cause to believe that the act or omission was unlawful. However, under Maryland law, a Maryland corporation may not indemnify for an adverse judgment in a suit by or in the right of the corporation or for a judgment of liability on the basis that personal benefit was improperly received, unless in either case a court orders indemnification and then only for expenses. In addition, Maryland law permits a corporation to advance reasonable expenses to a director or officer upon the corporation's receipt of (a) a written affirmation by the director or officer of his good faith belief that he has met the standard of conduct necessary for indemnification by the corporation and (b) a written undertaking by him or on his behalf to repay the amount paid or reimbursed by the corporation if it is ultimately determined that the standard of conduct was not met.

Insofar as indemnification for liabilities arising under the Securities Act may be permitted to directors, officers or persons controlling the registrant pursuant to the foregoing provisions, the registrant has been informed that in the opinion of the SEC such indemnification is against public policy as expressed in the Act and is therefore unenforceable.

The Company has also agreed to indemnify its directors and executive officers to the maximum extent permitted by Maryland law, and pay such persons' expenses in defending any civil or criminal proceeding in advance of final disposition of such proceeding.

**Item 35.  Treatment of Proceeds From Stock Being Registered.**

None of the proceeds will be credited to an account other than the appropriate capital share account.

II-2

Table of Contents

**Item 36.  Financial Statements and Exhibits.**

(a) *Financial Statements.*   See page F-1 for an index of the financial statements that are being filed as part of this Registration Statement:

(b) *Exhibits.*   The following is a list of exhibits filed as part of this Registration Statement:

| Exhibit Number | Description |
|---|---|
| 1.1 | Form of Underwriting Agreement.* |
| 3.1 | Form of Articles of Amendment and Restatement of the Registrant.* |
| 3.2 | Form of Amended and Restated Bylaws of the Registrant.* |
| 4.1 | Form of Certificate for Common Stock.* |
| 5.1 | Opinion of DLA Piper US LLP relating to the legality of the securities being registered.* |
| 8.1 | Opinion of Skadden, Arps, Slate, Meagher & Flom LLP regarding tax matters.* |

| | |
|---|---|
| 10.1 | Form of Registration Rights Agreement among Care Investment Trust Inc., CIT Real Estate Holding Corporation and CIT Healthcare LLC.* |
| 10.2 | Form of Management Agreement between Care Investment Trust Inc. and CIT Healthcare LLC.* |
| 10.3 | Form of Contribution Agreement between Care Investment Trust Inc. and CIT Real Estate Holding Corporation.* |
| 10.4 | Form of Care Investment Trust Inc. Equity Plan.* |
| 10.5 | Form of Restricted Stock Agreement under Care Investment Trust Inc. Equity Plan* |
| 10.6 | Form of Restricted Stock Agreement under Care Investment Trust Inc. Equity Plan* |
| 10.7 | Form of Care Investment Trust Inc. Manager Equity Plan.* |
| 10.8 | Form of Restricted Stock Agreement under Care Investment Trust Inc. Manager Equity Plan.* |
| 10.9 | Form of Indemnification Agreement between Care Investment Trust Inc. and its directors and officers.* |
| 23.1 | Consent of Deloitte & Touche LLP. |
| 23.2 | Consent of DLA Piper US LLP (contained in Exhibit 5.1).* |
| 23.3 | Consent of Skadden, Arps, Slate, Meagher & Flom LLP (contained in Exhibit 8.1).* |
| 23.4 | Consent of Gerald E. Bisbee, Jr. to be named as director.* |
| 23.5 | Consent of Kirk E. Gorman to be named as director.* |
| 23.6 | Consent of Alexandra Lebenthal to be named as director.* |
| 23.7 | Consent of Karen P. Robards to be named as director.* |
| 23.8 | Consent of J. Rainer Twiford to be named as director.* |
| 24.1 | Powers of attorney (contained on signature page).* |

\*   Previously Filed.

II-3

Table of Contents

**Item 37.   Undertakings.**

(a)   Insofar as indemnification for liabilities arising under the Securities Act of 1933 may be permitted to directors, officers and controlling persons of the registrant pursuant to the foregoing provisions, or otherwise, the registrant has been advised that in the opinion of the SEC such indemnification is against public policy as expressed in the Act and is, therefore, unenforceable. In the event that a claim for indemnification against such liabilities (other than the payment by the registrant of expenses incurred or paid by a director, officer or controlling person of the registrant in the successful defense of any action, suit or proceeding) is asserted by such director, officer or controlling person in connection with the securities being registered, the registrant will, unless in the opinion of its counsel the matter has been settled by controlling precedent, submit to a court of appropriate jurisdiction the question whether such indemnification by it is against public policy as expressed in the Act and will be governed by the final adjudication of such issue.

(b)   The undersigned registrant hereby undertakes to provide to the underwriters at the closing, as specified in the underwriting agreement, certificates in such denomination and registered in such names as required by the underwriters to permit prompt delivery to each purchaser.

(c)   The undersigned registrant hereby undertakes that:

(i)   For purposes of determining any liability under the Securities Act of 1933, the information omitted from the form of prospectus filed as part of this registration statement in reliance upon Rule 430A and contained in a form of prospectus filed by the registrant pursuant to Rule 424(b)(1) or (4) or 497(h) under the Securities Act shall be deemed to be part of this registration statement as of the time it was declared effective.

(ii) For the purposes determining any liability under the Securities Act of 1933, each post-effective amendment that contains a form of prospectus shall be deemed to be a new registration statement relating to the securities offered herein, and the offering of such securities at that time shall be deemed to be the initial bona fide offering thereof.

II-4

Table of Contents

## SIGNATURES

Pursuant to the requirements of the Securities Act of 1933, the registrant certifies that it has reasonable grounds to believe that it meets all of the requirements for filing on Form S-11 and has duly caused this Amendment No. 3 to the registration statement to be signed on its behalf by the undersigned, thereunto duly authorized, in the City of New York, State of New York, on June 21, 2007.

June 21, 2007

                Care Investment Trust Inc.

              By: /s/ F. Scott Kellman
                 Name: F. Scott Kellman
                 Title: President and Chief Executive Officer

Pursuant to the requirements of the Securities Act of 1933, this Amendment No. 3 to the registration statement has been signed by the following persons in the capacities and on the dates indicated.

| Signature | Title | Date |
|---|---|---|
| /s/ F. Scott Kellman<br>**F. Scott Kellman** | President and Chief Executive Officer (Principal Executive Officer) | June 21, 2007 |
| *<br>**Robert O'Neill** | Chief Financial Officer, Treasurer and Secretary (Principal Financial Officer and Principal Accounting Officer) | June 21, 2007 |
| *<br>**Flint D. Besecker** | Director | June 21, 2007 |

*By: /s/ F. Scott Kellman
   F. Scott Kellman
   Attorney-in-Fact

## EXHIBIT INDEX

| Exhibit Number | Description |
|---|---|
| 1.1 | Form of Underwriting Agreement.* |

| | |
|---|---|
| 3.1 | Form of Articles of Amendment and Restatement of the Registrant.* |
| 3.2 | Form of Amended and Restated Bylaws of the Registrant.* |
| 4.1 | Form of Certificate for Common Stock.* |
| 5.1 | Opinion of DLA Piper US LLP relating to the legality of the securities being registered.* |
| 8.1 | Opinion of Skadden, Arps, Slate, Meagher & Flom LLP regarding tax matters.* |
| 10.1 | Form of Registration Rights Agreement among Care Investment Trust Inc., CIT Real Estate Holding Corporation and CIT Healthcare LLC.* |
| 10.2 | Form of Management Agreement, between Care Investment Trust Inc. and CIT Healthcare LLC.* |
| 10.3 | Form of Contribution Agreement between Care Investment Trust Inc. and CIT Real Estate Holding Corporation.* |
| 10.4 | Form of Care Investment Trust Inc. Equity Plan.* |
| 10.5 | Form of Restricted Stock Agreement under Care Investment Trust Inc. Equity Plan* |
| 10.6 | Form of Restricted Stock Agreement under Care Investment Trust Inc. Equity Plan* |
| 10.7 | Form of Care Investment Trust Inc. Manager Equity Plan.* |
| 10.8 | Form of Restricted Stock Agreement under Care Investment Trust Inc. Manager Equity Plan.* |
| 10.9 | Form of Indemnification Agreement between Care Investment Trust Inc. and its directors and officers.* |
| 23.1 | Consent of Deloitte & Touche LLP |
| 23.2 | Consent of DLA Piper US LLP (contained in Exhibit 5.1).* |
| 23.3 | Consent of Skadden, Arps, Slate, Meagher & Flom LLP (contained in Exhibit 8.1).* |
| 23.4 | Consent of Gerald E. Bisbee, Jr. to be named as director.* |
| 23.5 | Consent of Kirk E. Gorman to be named as director.* |
| 23.6 | Consent of Alexandra Lebenthal to be named as director.* |
| 23.7 | Consent of Karen P. Robards to be named as director.* |
| 23.8 | Consent of J. Rainer Twiford to be named as director.* |
| 24.1 | Powers of attorney (contained on signature page).* |

\*   Previously Filed.